## BLANKENSHIP ETC. *v.* MORRISON MACHINE COMPANY

[No. 9, September Term, 1969.]

*Decided October 10, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*Robert M. Wright,* with whom were *Louis G. Close, Jr.* and *Due, Whiteford, Taylor & Preston* on the brief, for appellant.

242

*James D. Peacock* and *William A. Hylton, Jr.*, with whom were *Semmes, Bowen & Semmes* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

In a case filed in 1968 the appellant, who had been an employee of a bleach and dye mill in Baltimore County, sued the appellee, a machine designer and vendor, which in 1955 had installed in the mill a machine for sanforizing cloth, for the great damages he sustained in 1965 when his left hand and arm were caught between the squeeze roller and drum in the machine. The first count alleged negligence in the "designing, building and installing * * * in that the machinery had no protective guards or shields and that the machine operation was so potentially dangerous that such protective devices ought to have been provided," in that an automatic switch or cut-off should have been provided and in that the manual cut-off switch "was designed and located approximately 16 paces from the machine operation * * * beyond the reach of the operator and that it should have been placed * * * within his reach." The second count repeated the allegations of the first by reference and alleged that the appellee,

> "Morris Machine Co., breached its implied and expressed warranties of suitability, fitness and workmanship; that the said breach of warranties in the design, construction and installation of the machinery was the direct and proximate cause of the Plaintiff's [appellee's] injury."

The appellee demurred on the grounds (1) that the declaration revealed that the machine is dangerous only because of the way it functions, "and patently so, and therefore, the defendant owed no duty to the plaintiff except to make the machine free from latent defects and concealed dangers and there is no allegation that the machine was not free from such defects and dangers"; (2)

"that as a matter of law the defendant was under no duty to provide a guard or other protective device [or safety switch] to prevent injury from patent peril or a source manifestly dangerous"; and (3) "that it is clear from the * * * declaration that there is no privity of contract between the plaintiff and the defendant."

Judge Raine sustained the demurrer without leave to amend. His sound and succinct opinion said in pertinent part:

"The defendant contends that there can be no liability for negligent design where the defect is readily apparent to the user. This is in accord with § 388 of the *Restatement of Torts.* This section is set forth in full in *Telak v. Maszczenski,* 248 Md. 476. Sec. 388 relieves a supplier from liability discoverable by the user. It is true that the *Telak* case did not involve a manufacturer, but the same section was cited with approval in *Babylon v. Scruton,* 215 Md. 299, and *Twombley v. Fuller Brush Co.,* 221 Md. 476. Sec. 388 of the *Restatement* seems to impose a more strict degree of liability on the part of a manufacturer for negligent design. In *Babylon* the Court of Appeals referred to the *Restatement* comment 'that a manufacturer is required to exercise reasonable care in manufacturing any article which, if carelessly manufactured, is likely to cause more than trivial harm to those who use it.' Nevertheless the Court of Appeals in *Babylon* indicated that there would be no liability unless there was a likelihood that a user of a product would not be aware of its dangerous character. The same rationale is present in *Katz v. Arundel-Brooks,* 220 Md. 200, which was not a design case, but did point out a distinction between latent and patent defects. *Harper and James* text advocates an extension of liability in this type of case, characterizing the latent-patent rule as a

vestigial carryover from pre-MacPherson days. However, this trial court is unwilling to blaze a trail and if the liability of the manufacturer is to be extended to the degree sought by this plaintiff it will have to be done by the Court of Appeals. Lacking any Maryland decision to the contrary this court follows *Campo v. Scofield,* 95 N.E.2d 802 (N.Y. 1950)."

The appellant in his brief asked us to find that a manufacturer has a broader duty than that stated by the trial court. He would have us follow § 398 of 2 Restatement *Torts* 2d, which says the law is that:

"A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design,"

pointing out that the Restatement rule is not qualified by a requirement that the design result in a latent defect or latent danger. The appellant's brief was filed before we decided the case of *Myers v. Montgomery Ward & Co., Inc.,* 253 Md. 282, on May 1, 1969. Myers had purchased at Montgomery Ward a rotary power lawn mower which had been manufactured by MTD Products, Inc. While cutting grass on a slope, Myers slipped and his foot went under the mower.[1] Myers sued both the seller and the maker of the mower, alleging in one count that the mower was negligently designed in lacking a "deadman" control and a device which would keep the protective guard at a constant level regardless of the height of the blade, and in a second count breach of implied warranty. This Court held that the truth of the well-

---

1. We were told at the argument in the present case that the employee injured was caused to thrust his hand and arm into the machine when he slipped on the wet floor.

pleaded facts were conceded and Myers' allegations with respect to negligence and implied warranties were conclusions of law which required a summary judgment for the defendants. Judge Singley, for the Court, said at p. 293 of 253 Md.:

> "The manufacturer of a mower is not an insurer, and is under no duty to make an accident proof product * * *. No cause of action is made out in the absence of an allegation that the injury was caused by a latent defect not known to the plaintiff or a danger not obvious to him, which was attendant on proper use * * *. 'There is certainly no usual duty to warn the buyer that a knife or axe will cut, a match will take fire, dynamite will explode or a hammer will mash a finger.' * * *."

The opinion went on to cite *Kientz v. Carlton* (N.C.), 96 S.E.2d 14 (which held as a matter of law that allegations that a mower was inherently dangerous because it had no stopping control on the handle, no safety clutch and no guard, were insufficient to state a case) and quoted this language:

> " 'The absence of the several alleged safety features was obvious, not latent. Injury alleged to have occurred because of the absence of a guard or stopping device on an "onion topping" machine was involved in Campo v. Scofield, 301 N. Y. 468, 95 N.E.2d 802, 803 [, 806]. The basis of decision, supported by the authorities cited, is epitomized in these excerpts from the opinion of Judge Fuld: "The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers. * * * [S]ince the duty owed by a manufacturer to remote

users does not require him to guard against hazards apparent to the casual observer or to protect against injuries resulting from the user's own patently careless and improvident conduct, the complaint was properly dismissed." * * *.' " *Myers v. Montgomery Ward & Co., Inc., supra,* at p. 294 of 253 Md., quoting *Kientz v. Carlton, supra,* at p. 18 of 96 S.E.2d.

In *Myers,* then, we adhered firmly to the latent-patent test (which, according to 2 Harper and James, *The Law of Torts,* § 28.5, p. 1544, is a vestigial carryover from pre-*MacPherson* days [*MacPherson v. Buick Motor Co.* (N.Y.), 111 N. E. 1050], when deceit was needed for recovery). As the quotation from *Campo v. Scofield* shows, Maryland has followed New York, which still remains loyal to the vestigial carryover of the latent-patent rule. See *Inman v. Binghamton Housing Authority* (N.Y.), 143 N.E.2d 895; *Messina v. Clark Equipment Co.* (2d Cir.), 263 F. 2d 291; *Tatik v. Miehle-Goss-Dexter, Inc.,* 284 N.Y.S.2d 597, *aff'd* 245 N.E.2d 231. Other jurisdictions are still vestigial, too. *See Stevens v. Durbin-Durco, Inc.* (Mo.), 377 S.W.2d 343; *Evans v. General Motors Corp.* (7th Cir., applying Indiana law), 359 F. 2d 822; *Parker v. Heasler Plumbing & Heating Co.* (Wyo.), 388 P. 2d 516; *Tyson v. Long Manufacturing Co.* (N.C.), 107 S.E.2d 170.

There is no persuasion in the appellant's argument on breach of warranty. The case law of Maryland is that there must be privity between the plaintiff and the defendant to enable the plaintiff to recover on a warranty. *Vaccarino v. Cozzubo,* 181 Md. 614; *Woolley v. Uebelhor,* 239 Md. 318; *Blum v. Richardson-Merrell, Inc.* (D.Ct. Md.), 268 F. Supp. 906, construing *Woolley, supra; Debbis v. Hertz Corporation* (U.S.D.Ct.Md.), 269 F. Supp. 671, 680-681. The appellant contends he is a donee beneficiary of a warranty. We think that under the reasoning and the holding of *Marlboro Shirt Co. v. American District Telegraph Co.,* 196 Md. 565, he was not. In 1964 the

legislature provided as § 2-318 of Art. 95B of the Code (the Uniform Commercial Code) that a seller's warranty whether express or implied extended to any natural person:

> "who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty * * *."

By Ch. 249 of the Laws of 1969 the legislature amended § 2-318 of Art. 95B to add to the family, household members and guests "any other ultimate consumer or user of the goods or persons affected thereby." The appellant was not one of those given protection by the legislature in the original statute and both statutes came long after the sale of the machine, which is the determinative date for the applicability of Art. 95B. *See* Art. 95B (1964 Repl. Vol.) § 10-101; *Streeter v. Middlemas*, 240 Md. 169, 175.

*Judgment affirmed, with costs.*