## PATTEN *v.* LOGEMANN BROTHERS COMPANY, INC.

[No. 55, September Term, 1971.]

*Decided November 10, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

*David M. Wortman,* with whom were *Schwartzbach & Wortman* on the brief, for appellant.

*John J. Pyne* for appellee.

BARNES, J., delivered the opinion of the Court.

In *Blankenship v. Morrison Machine Co.,* 255 Md. 241, 257 A. 2d 430 (1969), we held that the manufacturer of a machine was not an insurer and was under no duty to make an accident-proof product, a cause of action by a person injured by the machine being dependent upon the allegation and proof that his injury was caused by a latent defect not known to the plaintiff or by a danger not obvious to him which was attendant on proper use of the machine. We deliberately adhered to the "latent-patent" test as previously established in *Myers v. Montgomery Ward & Co., Inc.,* 253 Md. 282, 252 A. 2d 855 (1969) and in prior Maryland cases, notwithstanding the adverse criticism of the rule in 2 Harper and James, *The Law of Torts,* § 28.5, p. 1544 (1956) that it is a vestigial carry over from pre-*MacPherson* days (*MacPherson v. Buick Motor Co.,* 217 N. Y. 382, 111 N. E. 1050 (1916)) when deceit was needed for recovery. Chief Judge Hammond pointed out, for the Court, in *Blankenship,* that other jurisdictions—New York, Missouri, Indiana, Wyoming and North Carolina—have followed the latent-patent rule. See *Blankenship v. Morrison Machine, supra,* and cases cited therein. See also *Tomicich v. Western-Knapp Engineering Co.,* 423 F. 2d 410 (9th Cir. 1970); *Kerber v. American Machine & Foundry Co.,* 411 F. 2d 419 (8th Cir. 1969); *Morrow v. Trailmobile,* 12 Ariz. App. 578, 473 P. 2d 780 (Ct. App. 1970); *Fisher v. Johnson Milk Co.,* 383 Mich. 158, 174 N.W.2d 752 (1970); *Bradshaw v. Blystone Equipment Co.,* 79 Nev. 441, 386 P. 2d 396 (1963); *Edgar v. Nachman,* 323

366

N.Y.S.2d 53 (Sup. Ct. 1971). For reviews of the "latent-patent" rule, both pro and con, see 1 L. Frumer and M. Friedman, *Products Liability* § 7.02, p. 113 (1968); 1 R. Hursh, *American Law of Products Liability* § 2:38, p. 176, § 2:59, p. 240 (1961); F. James, *Products Liability,* 34 Texas L. Rev. 44 (1955); D. Noel, *Manufacturer's Negligence of Design or Directions for Use of a Product,* 71 Yale L.J. 816, 836-41 (1962); 1 Buff. L. Rev. 169 (1951); 17 Brooklyn L. Rev. 349 (1951); 28 Fordham L. Rev. 776 (1960); 35 Minn. L. Rev. 608 (1951).

We are asked by the appellant, Joshua Patten, to modify the latent-patent rule or, at least, to engraft an exception upon it, so that he might recover damages from the appellee, Logemann Brothers, Inc. (Logemann), for severe injuries to his left fingers and hand when his left hand went into an oil lubrication hole on the side of a paper baling machine manufactured by Logemann while he was using the machine as an employee of the Washington Rag & Bag Company, Inc. (Washington Rag), at its plant at Seat Pleasant, Prince George's County. Patten contends that inasmuch as the danger in the machine did not occur at the *point of the operation* of the machine, the latent-patent test does not—and should not —apply.

Patten had worked for Washington Rag with the baling machine as a paper baler for approximately five years prior to his injury on May 10, 1967. There is a lubrication and maintenance opening about seven or eight inches wide in the baling machine, 25 inches above the floor. Inside the opening the sliding piston that compresses the paper into bales passes by the opening within one inch of the inside wall of the machine. This piston does not move constantly but moves automatically when the paper in the compaction chamber reaches a predetermined level. Patten, in his deposition, indicated that prior to the accident, he knew that there was a piston passing by the hole and saw it as it passed. On May 10, 1967, he tripped on a bundle of paper baling wire lying loose on the floor next to the baling machine;

and, as he fell, his left hand went into the lubrication hole. He was able to turn the machine off by pressing a button with his right hand. As a result of the piston engaging his left hand, however, he lost his middle, ring and little fingers on that hand and also suffered damages to the hand itself. His medical expenses are large and his damages substantial.

Patten's job was to feed the wire to bale the paper. He would push the wire in at the proper time and then go around the machine to push it back so that it could be tied. He tripped on the loose wire on the floor which he did not see. He did not purposely put his hand in the hole because he knew it would hurt his hand. In the Report of Richard A. Lowery, for Trident Engineering Associates, Inc., who investigated the matter for Patten and whose Report is in the record, Patten is stated to have said, "that as he was passing the area of the piston he tripped over a loose piece of baling wire laying on the floor; and in an attempt to catch himself, he grabbed the machine by inserting his fingers and hand over the bottom portion of the handhole." Various excerpts from the Safety Code for Mechanical Power-Transmission Apparatus (ASA B15.1-1953) adopted in Maryland on December 14, 1955, by the Maryland Commissioner of Labor and Industry, were also considered in the motion of Logemann for summary judgment.

Patten originally filed his declaration in the Circuit Court for Prince George's County. The case was removed to the Circuit Court for Calvert County where Logemann filed a motion for summary judgment, Patten filing a memorandum in opposition. After oral argument, Judge Bowen rendered an oral opinion in which he concluded that *Blankenship* was controlling and inasmuch as the alleged defect in the machine was clearly patent and known to Patten, there was no legal duty to Patten breached by Logemann so that summary judgment in favor of Logemann for costs should be granted. From the judgment entered for the defendant, Logemann, for

costs on February 1, 1971, Patten took a timely appeal to this Court.

We agree with Judge Bowen that our decision in *Blankenship* is dispositive of the case and we will affirm the judgment.

The Safety Code for Mechanical Power-Transmission Apparatus, mentioned above—and in effect when the accident occurred — does provide for certain guards and shields, except at the "point of operation" for the safeguarding of all connecting rods, cranks, gears, etc., of equipment used for the mechanical transmission of power. "Point of operation" is defined as "that point at which cutting, shaping or forming is accomplished upon the stock and shall include such other points as may offer a hazard to the operator in inserting or manipulating the stock in the operation of the machine."

Patten contends that these provisions are at least evidence of negligence in not providing a mesh or guard over the lubrication hole which he contends is not at the "point of operation." The provisions of Code (1969 Replacement Volume) Art. 89, §§ 1-63 in regard to the Department of Labor and Industry and especially §§ 28 to 49 in regard to Occupational Safety apply to the *relationship between employer and employee* and not to persons *manufacturing equipment.* These provisions of the Code do not purport to give the Commission of Labor and Industry power over manufacturers of machinery. Their impact is upon the employer and the employee. The Safety Regulations adopted by the Commissioner do not purport to apply to manufacturers of equipment but to apply *"in places of employment* for the prevention of accidents." (Emphasis supplied.) Hence, the Safety Code imposes no duty upon Logemann as the manufacturer to place mesh or guards over the lubrication hole, an obvious and patent opening in the machine and with its pistons inside well known to Patten. See *Chesser v. King,* 244 Ark. 1211, 428 S.W.2d 633 (1968), in which the Supreme Court of Arkansas declined to hold a manufacturer liable in a tort action for failure to meet the spec-

ifications of rules promulgated under the Arkansas Labor Safety Code, where the entire statute was directed to employers and employees. See also *Sumner v. Lambert,* 96 Ohio App. 53, 54 Ohio Ops. 173, 121 N.E.2d 189 (Ct. App. 1953) ; 57 Am. Jur. 2d *Negligence* §§ 271-73, pages 660-62; 65 C.J.S. *Negligence* § 19 (5) d, pages 634-36. There being no duty on Logemann to Patten in this regard, there is no liability for the injuries to Patten's left hand and fingers.

Patten relies upon two cases from the United States District Court for the Eastern District of Pennsylvania, which apply Pennsylvania law, *Green v. Sanitary Scale,* 296 F. Supp. 625 (1969) and *Smith v. Hobart Mfg. Co.,* 185 F. Supp. 751 (1960) and second trial 194 F. Supp. 530 (1961). In these cases a regulation of the Pennsylvania Department of Labor and Industry was allowed to be put into evidence—not as a statute the violation of which is negligence *per se*—but as some evidence on the question of whether the manufacturer was negligent in the design and manufacture of the machine. These cases, however, follow the law of Pennsylvania that there was a duty upon a manufacturer to produce a reasonably safe machine; but in Maryland, as we have observed, there is no such duty, but only to produce a machine without latent defects. The cases are, therefore, not persuasive.

Factually, the present case is quite similar to the facts in *Blankenship* in which an employee in a bleach and dye mill got his arm caught and injured in a sanforizing machine when he slipped on the wet floor. He sued the manufacturer, alleging negligence in the failure to install protective shields or guards in the area of the squeeze roller and drum where his arm was caught. No point was made that the accident happened at the "point of operation" and the reasoning underlying the latent-patent rule would not make Patten's attempted distinction meaningful. In the absence of any modification of the rule by statute, we deem our holding in *Blankenship* to control our decision in the present case.

Logemann also raises the point that the injury in the

present case was not attendant upon a proper use of the machine—a necessary prerequisite for recovery in negligence from the manufacturer of a machine under the latent-patent rule — in that Patten or someone in the Washington Rag plant had allowed baling wire to spread out on the floor beside the baling machine over which Patten tripped, fell and stuck his hand into the lubricating hole as he fell. There is much force in this argument; but in view of our conclusion that there is no recovery under the latent-patent rule without regard to this prerequisite to recovery, we do not find it necessary to pass upon this contention.

> *Judgment affirmed, the appellant to pay the costs.*