**Mary O. BREMIER, individually, et al., Plaintiffs,**

v.

**VOLKSWAGEN OF AMERICA, INC., et al., Defendants.**

Civ. A. No. 2556–68.

United States District Court, District of Columbia.

March 24, 1972.

Surrey, Karasik, Gould & Greene and Hill, Christopher & Phillips, Washington, D. C., for plaintiffs.

Steptoe & Johnson, Washington, D. C., for defendants.

## ORDER

JUNE L. GREEN, District Judge.

This action has come before the Court on defendants' motion for summary judgment on the ground there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. The suit is a diversity case brought by residents of the District of Columbia against a German automobile manufacturer, Volkswagenwerk Aktiengesellschaft ("VWAG"), and its New Jersey subsidiary, Volkswagen of America, Inc. ("VWOA"). Plaintiffs allege the wrongful deaths of plaintiffs' decedents based on breach of warranty, negligence, absolute liability and misrepresentation.

The action grows out of a 1967 Maryland automobile accident in which a third party, James R. Presley, subsequently convicted of manslaughter, drove into the oncoming lane of Maryland Route 5 and crashed head-on into the car in which plaintiffs' decedents' were riding, a 1964 Volkswagen 1500 Station Wagon manufactured by VWAG. The Volkswagen burst into flames, rolled down an embankment and came to rest upside down; all three passengers were killed.

The automobile in question, after its manufacture in Germany, was shipped to Italy, where it was sold in March of 1964 by an authorized Volkswagen dealer to Lt. Col. John N. Johnson, III of the United States Air Force. Johnson, acting in a private capacity, resold the car to plaintiff's decedent, George F. Bremier, March 21 or 22, 1967. Defendants contend that the resale occurred in Italy. Plaintiffs contend it occurred in the District of Columbia; that it evidently was Bremier, rather than Johnson, who imported the car to America. (*Compare* defendants' motion for summary judgment at 2 *with* plaintiffs' memorandum in opposition at 49).

Turning first to the motion for summary judgment with respect to defendant VWOA, it is clear that plaintiffs' assertion they have "no information upon which to form a belief as to the accuracy of defendants' allegation that 'defendant VWOA, Inc. had never had any dealings with said vehicle [the Volkswagen in which plaintiffs were riding] and this type of vehicle had never been imported into the United States by either defendant'" (plaintiffs' statement of material facts as to which there are material issues at 1–2) is insufficient to prevent summary judgment from being granted in favor of VWOA. Plaintiffs have failed to show, by affidavit or otherwise, how defendant VWOA is other than a *complete* stranger to the transactions and occurrences underlying this law suit. On the other hand, defendant VWAG has submitted a sworn affidavit showing it never sold the car in question, or any car of the same model to VWOA, which is thus not in the chain of title beginning with VWAG and ending with George F. Bremier. Under these circumstances, plaintiffs' assertion does not constitute the setting forth of specific facts, as required by Fed.R.Civ.P. 56(e). Indeed, had plaintiffs gone further and stated they believed defendant VWOA had dealings with the vehicle, such statement would have been insufficient as "an assertion which is unsupported by the facts or any evidence submitted" or an assertion which was "at best a belief." Lark v. West, 182 F.Supp. 794, 798 (D. D.C.1960), aff'd, 110 U.S.App.D.C. 157, 289 F.2d 898, (D.C.Cir.) cert. denied, 368

U.S. 865, 82 S.Ct. 114, 7 L.Ed.2d 63 (1961).

■ With respect to the motion for summary judgment as raised by defendant VWAG, let it be noted by way of preface that the question of due process, of want of personal jurisdiction as developed in Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) or, for example, more recently in Duple Motor Bodies, Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969) is not before the Court. Even assuming *arguendo* an objection to personal, as opposed to subject matter, jurisdiction had merit, since it has not here been made by preanswer motion or answer, it is waived and may not be considered by the Court *sua sponte.* Zelson v. Thomforde, 412 F.2d 56 (3d Cir. 1969); Fed.R.Civ.P. 12(h).

■ To determine which forum's law to apply in ascertaining defendant VWAG's possible liability, the Court must first look to the local law of the District of Columbia. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Where, as here, plaintiffs' theories sound in both tort and contract, the Court might ordinarily be required to look both to the forum in which plaintiffs sustained injuries as well as to the forum in which the sale to plaintiff George F. Bremier was consummated. See, e. g., Jamieson v. Woodward & Lothrop, 101 U.S.App.D.C. 32, 247 F.2d 23, (D.C.Cir.) cert. denied, 355 U.S. 855, 78 S.Ct. 84, 2 L.Ed.2d 63 (1957) (manufacturer's liability for alleged negligence determined by law of forum in which

plaintiff sustained injuries; retailer's liability for alleged breach of implied warranty determined by law of forum of sale.) However, where, as in the instant case, suit is brought in the District of Columbia for wrongful death, the local law is that the court will not look to plaintiffs' theory of liability to resolve the conflict of laws question, but will apply the law of the forum wherein the death or deaths occurred. Niosi v. Aiello, 69 A.2d 57, 60 n. 8 (1949) (Mun.Ct.App. D.C.1949).[1]

■ Under Maryland law, a manufacturer cannot be held liable for negligent design where the defect is patent. Blankenship v. Morrison Mach. Co., 255 Md. 241, 257 A.2d 430 (1969). However, a cause of action may lie where it is alleged

"that the injury was caused by a latent defect not known to the plaintiff or a danger not obvious to him, which was attendant on proper use, and that the manufacturer was under a duty to correct or prevent that defect or warn him of the peril, at least where injury is foreseeable and probable . . . or that the article was unsafe for the use for which it was supplied. . . ." Myers v. Montgomery Ward & Co., Inc. 253 Md. 282, 293, 252 A.2d 855, 862 (1969).[2]

■■ In the instant case, it is clear that plaintiffs now, if not in their original complaint, are alleging that defects in design of the car—specifically, defects in design of the fuel tank system, its fuel filler neck and cap, and auxiliary parts, and its insulation system and protection against fire—were latent. (See complaint at 3; plaintiff's memo-

---

1. There is apparently no problem of renvoi for, as the United States Court of Appeals for the Fourth Circuit has stated, "there is no question but that all matters pertaining to the substantive right of recovery under a wrongful death statute, including . . . the nature of the right . . . [is] governed by the law of the state where the injury resulting in death occurred." Betts v. Southern Ry., 71 F.2d 787, 789 (4th Cir. 1934).

2. Maryland law also provides for liability under a theory which the Court finds here unnecessary to discuss—where it is alleged and proven that the manufacturer, at the time it sent its car from the plant, knew or should have realized that the car was dangerous or potentially dangerous inherently. Woolley v. Uebelhor, 239 Md. 318, 211 A.2d 302 (1965).

randum in opposition to defendants' motion for summary judgment at 23–24 and 43–44; plaintiffs' statement of material facts at 2). Moreover, plaintiffs allege defendant VWAG failed to give proper warning of the defects (complaint at 3). The Court feels these defects are not so obvious as to be patent as a matter of law. As to the problem of causation, while it is stipulated that the defects were not the cause of the collision, it is not clear as a matter of law that the defects claimed did not cause or contribute to causing the fire and plaintiffs' decedents' deaths. In the first place, if Presley's tortious act of causing the collision was foreseeable, that act did not constitute an intervening cause. Holler v. Lowery, 175 Md. 149, 200 A. 353 (1938). See also Larsen v. Gen. Motors Corp., 391 F.2d 495 (8th Cir. 1968). In the second place, as one commentator has noted,

> "[t]here seems to be no rational basis for splitting the event of the collision and allowing recovery only where the condition of the automobile caused the accident; the accident and injury are all part of the same happening in which defendant's failure to use reasonable care caused harm." Note, Liability of Maker of Chattel, 80 Harv.L.Rev. 688, 689 (1966).

The question remains whether or not under Maryland law one's involvement in an automobile collision constitutes a normal, intended, ordinary or proper use of an automobile. The Circuits have differed on this question. *Compare* Larsen v. Gen. Motors Corp., *supra*, ("intended use" includes collisions and impacts) *with* Evans v. Gen. Motors Corp., 359 F.2d 822 (7th Cir. 1966). The Court in *Larsen* held that in defining "intended use", the environment in which the product is used must be taken into consideration by the manufacturer. That environment, in turn, is one in which collisions and injuries are clearly foreseeable as an incident to the normal use of an automobile. 391 F.2d at 502. The *Larsen* court based its definition squarely on one formulated by the United States Court of Appeals for the Fourth Circuit in Spruill v. Boyle-Midway, Inc., 308 F.2d 79 (4th Cir. 1962). While the court, in *Spruill*, in developing its definition, was applying the law of Virginia, it is more probable than not to believe the Court of Appeals in Maryland would adopt the same definition of "intended use".

For the foregoing reasons, it is by the Court, this 24th day of March 1972,

Ordered that the motion for summary judgment by defendant VWOA should be, and the same hereby is granted, and judgment is entered in favor of VWOA; and it is

Further ordered that the motion for summary judgment by defendant VWAG should be, and the same hereby is denied.