Paul J. Yesawich, Jr., J.
This is a suit by the owner of a recently constructed food processing plant against the general contractor, the roofing subcontractor and the manufacturer and supplier of roofing material and its surety. The manufacturer and supplier, defendant GAF Corporation, moves to dismiss so much of plaintiff’s fourth cause of action as is based on breach of warranty on the ground that it was not commenced within four years after the cause of action accrued pursuant to igection 2-725 of the Uniform Commercial Code.
*921 Plaintiff’s specifications called for a 20-year bonded or guaranteed roof. Pursuant to an August 18,1964 purchase order which had been submitted to the Buberoid Company (GAF’s predecessor), GAF delivered roofing materials and supplies to the roofing subcontractor at the plant site in Horseheads, New York. Work on the roof commenced in 1964. The last delivery by GAF was apparently made on or about July 2,1965. In 1967 leaks appeared in the roof. Defendant GAF made certain repairs, but in 1969 determined that the leaks were due to causes other than the natural elements, and declined to make further repairs. The action herein was instituted in March of 1971.
The moving defendant argues that the warranty cause of action accrued after September 27,1964, the effective date of the Uniform Commercial Code and therefore the suit is time barred for it is subject to the Uniform Commercial Code’s four-year Statute of Limitations. However, the operative date for determining whether the Uniform Commercial Code or precode law applies is the date when the transaction was entered into.
(Uniform Commercial Code, § 10-102, subd. [2].) Since here the transaction was entered into before the date when the Uniform Commercial Code became effective in this State (Uniform Commercial Code, § 10-105), the preoode six-year period of limitation applies (CPLR 213, subd. 2), and inasmuch as the transaction was not completed until July 2, 1965, the last date when delivery was made, this action is riot time-barred. (Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340; Lewis v. Royle & Sons, 37 A D 2d 639; Kakargo v. Grange Silo Co., 11 A D 2d 796.)
Motion denied, submit order.