576 P.2d 197 (1978)
William E. BOOKOUT, by and through his father and next friend, William R. Bookout, and William R. Bookout, Plaintiffs-Appellants,
v.
VICTOR COMPTOMETER CORPORATION, an Illinois Corporation, Defendant-Appellee.
No. 77-112.
Colorado Court of Appeals, Div. I.
March 2, 1978.
Madsen, Smith & Rome, P. C., Gerald M. Madsen, Robert A. Smith, Littleton, for plaintiffs-appellants.
Tilly & Graves, Charles Q. Socha, Denver, for defendant-appellee.
COYTE, Judge.
Plaintiffs appeal from an adverse judgment entered on a jury verdict, and we affirm.
Plaintiffs' claim against defendant, Victor Comptometer Corporation, arose in connection with an eye injury which plaintiff William E. Bookout suffered during a "BB gun fight" he had with two other young boys. Defendant manufactures and sells "Daisy BB guns."
The weapon involved was a "BB" pistol which was a Christmas present for Steven Lawson from his parents. At this time Steven also had a "BB" rifle and shot the weapons quite often; in fact, he purchased his "BB" pellets in lots of approximately 2,000. Steven and William Bookout fired the air rifle and the BB pistol in Steven's basement the night before William's injury. The next day, prior to William's injury, Steven accompanied William and Michael Bookout on their paper route during which time William Bookout used the BB pistol to shoot out a street lamp. Later in the day the boys engaged in the BB gun fight in which William Bookout was injured.
The boys had agreed that Steven and Michael would fire at William with the pistol and William would fire at them with the air rifle. The purpose of the fight was to strike each other with pellets; however, they agreed to aim below the waist so as not to run any risk of hitting each other in the eye. One of the BBs fired from the pistol struck plaintiff, then 14 years of age, in his right eyeglass lens, shattering the lens and sending slivers of glass into his right eye. The vision in that eye was eventually lost.
Plaintiffs press two claims against defendantone under the Restatement (Second) of Torts § 402(a) based on defendant's failure to have adequate warnings on the package containing the gun, and one *198 under § 402(b) based on the argument that the labelling which was on the package was misleading. Defendant answers that plaintiff, by voluntarily engaging in the BB fight, unreasonably used the product with knowledge of the dangers it posed.
On appeal, plaintiffs' claim errors in the admission of certain testimony and in some of the jury instructions.
We have reviewed the record and are of the opinion that, if this were a proper case for application of Restatement (Second) of Torts § 402(a) or (b), the court did not err in giving any instruction or in receiving any evidence. Further, we conclude that the jury reached the correct result, but that the court, since there was no justifiable claim for relief against the defendant manufacturer, should have granted defendant's motion for a directed verdict at the conclusion of plaintiffs' case.
Bojorquez v. House of Toys, Inc., 62 Cal. App.3rd 930, 133 Cal.Rptr. 483, dealing with a slingshot injury, is directly in point:
"Is the slingshot defective because it did not have a warning it was dangerous? Strict liability is imposed where there are patent or latent defects which make a product unreasonably dangerous to users or consumers (Rest. of Torts, 2d, § 402A). In some instances, the manufacturer of an unreasonably dangerous product may insulate himself from strict liability by adding a warning or giving directions on the container which keep the product from being deemed unreasonably dangerous. But the seller does not need to add a warning when `the danger, or potentiality of danger is generally known and recognized.' For example, it is unnecessary to warn persons of the dangerous nature of alcohol (Rest. of Torts, 2d, § 402A Comment j; Barth v. B. F. Goodrich Tire Co., 265 Cal.App.2d 228, 245, 71 Cal.Rptr. 306). Is the potential danger of a slingshot generally known? Ever since David slew Goliath young and old alike have known that slingshots can be dangerous and deadly. (See Morris v. Toy Box, 204 Cal.App.2d 468, 472, 22 Cal.Rptr. 572 [bow and arrow].) There is no need to include a warning; the product is not defective because it lacked a warning; there is no cause of action in strict liability."
Similarly here, the potential for danger inherent in a BB gun is readily apparent and a warning for the obvious is not a requirement of the doctrine of products liability.
Thus, neither plaintiffs' complaint nor the evidence introduced in support thereof stated a claim for relief, and plaintiffs' complaint should have been dismissed at the conclusion of plaintiffs' evidence. Accordingly, since the jury arrived at the correct result, the judgment entered thereon is affirmed. See Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115.
Judgment affirmed.
ENOCH, J., concurs.
PIERCE, J., specially concurring.
PIERCE, Judge, specially concurring:
I agree with the ultimate result reached by the majority in this action, but I disagree as to the grounds. The issue which forms the basis of the majority opinion is whether plaintiff's claim is actionable under the rule expressed in the Restatement (Second) of Torts § 402(a). Since no crossappeal was filed by the appellee, nor was any argument presented to this court regarding this issue, it was never made an object of our concern. I deem it inappropriate that we inject it into the case on our own initiative. See Fallis v. Zurich Insurance Co., 28 Colo.App. 235, 472 P.2d 174 (1970). Furthermore, I believe the majority's resolution of this issue is based on a doctrine which this court rejected less than two years ago. I would decide the case on the issues raised by the parties.

I.
This is a products liability case within the purview of the rule expressed in Restatement (Second) of Torts § 402(a). The instrumentality involved here must be distinguished from an automobile, a knife, a *199 slingshot, or any other product the use of which necessarily involves a widely known and widely accepted risk. Such products come within the so-called "patent danger" or "open and obvious" rule, under which a failure to warn cannot be the basis of liability since the danger speaks for itself. See, e. g., Downey v. Moore's Time-Saving Equipment, Inc., 432 F.2d 1088 (7th Cir. 1970); Patten v. Logemann Brothers Co., 263 Md. 364, 283 A.2d 567 (1971); Bolm v. Triumph Corp., 33 N.Y.2d 151, 350 N.Y.S.2d 644, 305 N.E.2d 769 (1973). Patently dangerous products are therefore not considered "defective" unless there is some latent defect in their mechanism which would affect their ordinarily proper use.
This high powered BB gun is not patently dangerous. The whole thrust of plaintiff's case is that the gun is a dangerous instrumentality which is being sold as a toy. This is not a case like Bojorquez v. House of Toys, Inc., 62 Cal.App.3d 930, 133 Cal.Rptr. 483 (1976), in which the sling shot performed exactly as expected. The defect here is the hidden, unexpected power of the toy. This is a classically "latent" defect, and the majority's reliance on Bojorquez is misplaced.
Furthermore, this court has rejected the patent danger rule:
"[Defendant] contends, however, that where there is a patent and obvious danger associated with a product, one injured from its use cannot recover against the manufacturer. . . . The `open and obvious' rule . . . has been the subject of frequent and fervent attack by legal commentators . . .. We find. . . the position taken by the commentators to be persuasive and therefore reject the . . . `open and obvious' rule." Pust v. Union Supply Co., Colo. App., 561 P.2d 355 (1976).
The view taken by the majority in this case would overrule Pust.
The majority opinion also ignores language in the Restatement which recognizes that a product may be "defective" precisely because of a failure to warn. Restatement, supra, comments h and j. See Pust v. Union Supply Co., supra. The majority implicitly seeks to separate the concepts of defectiveness and notice, concepts which, until today, I thought inseparable. See Restatement, supra, comment n. In any event, the basic inquiry should be the foreseeability of the danger, and I would rule that the trial court was correct in letting this issue go to the jury. 2 F. Harper and F. James, Law of Torts, § 28.15 (1956).

II.
The central issue presented here involves the scope and applicability of the defense of "unreasonable use of the product with knowledge of its dangers." Plaintiff's principal argument is that the jury was incorrectly instructed on this defense. I disagree.
Unreasonable use was first recognized as a defense by this court in Hensley v. Sherman Car Wash Equipment Co., 33 Colo.App. 279, 520 P.2d 146 (1974), in the context of a claim for breach of an express warranty. It was extended as a defense to strict liability under 402(a) in Hiigel v. General Motors Corp., Colo., 544 P.2d 983 (1975).
The defense has three elements. First, the risk must be "known." That is, plaintiff must be aware of the degree and scope of the risk so that he can intelligently make a decision about accepting it. This knowledge must be actual, and it is irrelevant whether plaintiff should have appreciated the risk if in fact he did not. See Morrow v. Trailmobile, Inc., 12 Ariz.App. 578, 473 P.2d 780 (1970); Saeter v. Harley-Davidson Motor Co., 186 Cal.App.2d 248, 8 Cal.Rptr. 747 (1960). See also Restatement (Second) of Torts, § 496(d), comment c at 575 (1965).
Second, plaintiff must have voluntarily decided to accept the known risk. This means not only that plaintiff's choice is uncoerced in the traditional sense, but also that plaintiff has practical alternatives and is in a position to make a real choice between those alternatives. See Twerski, Old Wine in a New FlaskRestructuring Assumption of Risk in the Products Liability Era, 60 Iowa L.Rev. 1 (1974).
*200 Finally, plaintiff's voluntary choice to accept the known risk must be unreasonable. Restatement (Second) of Torts § 402(a), comment n (1965). Plaintiff argues that this requirement of unreasonableness compels reversal here.
One of the axioms of the law of negligence is that children are not held to an adult standard of care, but only to that standard defined by reference to children of similar age, experience, and intelligence. Colo.J.I. 9:4; see Roberts v. Fisher, 169 Colo. 288, 455 P.2d 871 (1969). We are thus faced with the question of whether this negligence principle should be grafted onto the defense of unreasonable use.
As a general rule, considerations peculiar to negligence actions should not be injected into the area of strict liability. See Good v. Chance, Colo.App., 565 P.2d 217 (1977). Under the circumstances of this case, I do not perceive it a necessity that the unreasonable use instruction contained references to the age of this injured plaintiff. The instruction, as given, was as follows:
"Instruction No. 14
"The unreasonable knowing use of a defective product is an affirmative defense.
"The Defendant, Victor Comptometer Corporation, therefore, is not liable to the Plaintiffs, William E. Bookout and William R. Bookout, on their claim for damages for sale of a defective product if this affirmative defense is established. This defense is established if you find all of the following:
"1. At the time the Plaintiff, William E. Bookout (son) claims to have been injured, he knew that permitting Steven Lawson to fire the Daisy Model 179 BB gun pistol at him at approximately forty (40) foot distance created a risk of injury;
"2. The Plaintiff, William E. Bookout, having such knowledge, permitted Steven Lawson to fire the Daisy Model 179 BB gun pistol at him, and thus voluntarily and unreasonably exposed himself to a risk of injury; and
"3. The Plaintiff, William E. Bookout's, voluntary and unreasonable exposure of himself to a risk of injury was a proximate cause of his claimed injuries.
"If you should find that all of the above propositions have been established by a preponderance of the evidence, then your verdict must be for the Defendant, Victor Comptometer Corporation."
The record indicates that the jury was fully aware of plaintiff's age. While counsel might thus argue the age and experience of the child as a factor in determining whether he had acted unreasonably, I see no reason for burdening the instructions with this additional factor.
On this basis, I would affirm the judgment.