TORBERT, Chief Justice.
Pursuant to Rule 18 of the ARAP, the United States District Court for the Southern District of Alabama, Southern Division, has requested this court to answer certain questions of law which that court deemed determinative of an action before it and on which there is no clear controlling precedent in the decisions of this court. Three civil actions, Nos. 75-20-T, 75-147-T, and 75-19-T, were consolidated by the federal district court for the sole purpose of certification.
The federal district court, in support of the certificate, submitted the following facts:
*507 II
Albert Johnson, one of the plaintiffs in the above Civil Actions, is a forty-six year old male who went to work for Bender Welding & Machine Company, Inc., and Bender Ship Repair, Inc., [hereinafter referred to jointly and severally as Bender] in the latter part of 1959. From 1959 until 1968, Albert Johnson alleges that the majority of his work at Bender was associated with sandblasting. In 1968, Johnson was hospitalized with a lung condition, and later that same year he returned to work until 1972. During the period from 1959 to 1972 while Johnson was employed at Bender, he claims he was exposed to a great deal of sandblasting dust. Johnson seeks relief of Clemco Industries and Pulmosan Safety Equipment Corporation solely under the theories of breach of warranties set forth in Code of Ala.1975, § 7-2-313, § 7-2-314, § 7-2-315. Prior to the filing of the complaint alleging breaches of warranties, Johnson had not given Clemco any notice (written or oral) of any claim arising from their alleged breaches of warranties. .
Ill
Alfred A. Love, another plaintiff in the above Civil Actions, is a fifty-six year old male who went to work for Bender in 1956. From 1956 through 1965 Love alleges that the majority of his work at Bender was associated with sandblasting. In 1965, Love was hospitalized for a lung¡ condition, and in 1967, Love returned tb work at Bender where he worked usfal April of 1973. Love contends that during the entire period while employed at Bender he was exposed to a great deal of sandblasting dust.
Love seeks relief of Clemco Industries and Pulmosan Safety Equipment Corporation solely under the theories of breach of warranties set forth in Code of Ala. 1975, § 7-2-313, § 7-2-314, and § 7-2-315. . . .
IV
Thomas Simmons had previously filed a Civil Action for injuries which he claimed arose out of his employment at Bender. Simmons claimed that he was employed at Bender from January of 1966 until March 29, 1974, except for a period from November 5, 1972, to December 29, 1972, when he was employed by Offshore Trawlers, Inc. Simmons claimed that during the entire period from January, 1966, through March 29,1974, that he was primarily a sandblaster and was exposed to a great deal of sandblasting dust. Simmons died on January 12, 1977, and his Civil Action has been revived by the Executrix of the Estate of Thomas Simmons.
Martha Simmons seeks relief of Clemco Industries and Pulmosan Safety Equipment Corporation solely under the theories of breach of warranties set forth in Code of Ala.1975, § 7-2-313, § 7-2-314, and § 7-2-135. . . .
V
The following questions are presented [CER 13]:
1. Does Code of Ala.1975, § 7-2-725 require that all actions based on breach of warranty under Code of Ala. § 7-2-313, § 7-2-314, § 7-2-315 and § 7-2-318 be brought within four years after tender of delivery is made unless the damages are injuries to the person in the case of consumer goods or unless a warranty ex-plicitely [sic] extends to future performance of the goods?
2. Does Code of Ala.1975, § 7-2-725 require that all actions for personal injury arising out of an alleged breach of warranty under Code of Ala.1975, § 7-2-213, § 7-2-314, § 7-2-315, and § 7-2-318 be brought within four years after the discovery of injury or the discovery of facts which would reasonably lead to such discovery?
3. Under the provisions of Code of Ala.1975, § 7-2-39 [7-2-309], must an action for personal injury arising out of an alleged breach of warranty under *508 Code of Ala.1975, § 7-2-313, § 7-2-314, § 7-2-315, and § 7-2-318 be brought within one year after the discovery of injury or the discovery of facts which would reasonably lead to the discovery of an injury.
4. Does Code of Ala.1975, § 7-2-607, require all persons seeking recovery under Code of Ala.1975, § 7-2-313, § 7-2-314, § 7-2-315 and § 7-2-318 to give notice of an alleged breach of warranty prior to filing a civil action based on either Code of Ala.1975, § 7-2-313, § 7-2-314, § 7-2-315, and/or § 7-2-318?
5. Does Code of Ala.1975, § 7-10-101 prevent recovery for injuries or damages sustained from goods obtained in transactions entered into and events occurring prior to midnight December 31, 1966, when such recovery is sought solely by virtue of Code of Ala.1975, § 7-2-313, § 7-2-314, § 7-2-315, and § 7-2-318; and where there is no privity of contract between the plaintiff and the defendant, from who relief is sought?
After submission of the above questions to this court, the federal district court requested that we answer the following additional question:
The following question is presented [CER ISA]:
Does an action for breach of warranty brought by a plaintiff under Title 7, §§ 7-2-313, 7-2-314 and 7-2-315 survive the death of the plaintiff in favor of his personal representative, for the recovery of lost wages, pain and suffering, medical expenses and other damages which accrued between the time of the alleged breach of warranty and death of the plaintiff, in the circumstance where the plaintiff died as a result of the alleged breach of warranty, after the action had been brought by him.
Because this court answers Certified Question No. 5 in the affirmative, we will pretermit any consideration of the remaining questions.
It is well settled that prior to the adoption of the Uniform Commercial Code in Alabama, a plaintiff had to establish privity of contract before he could recover for personal injury arising from breach of warranty. See, e. g., Bishop v. Faroy Sales, 336 So.2d 1340 (Ala.1976); Harnischfeger Corp. v. Harris, 280 Ala. 93, 190 So.2d 286 (1966); Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64 (1921). The pivotal issue, then, is whether the transaction falls within the effective date of the Uniform Commercial Code.
The Code expressly applies only to “transactions entered into and events occurring” after December 31, 1966. Alabama Code § 7-10-101 (1975). The crux of the matter is whether “events occurring” after the effective date of the Code, as opposed to the date the transaction was entered into, are determinative as to the applicability of the UCC where the sale occurred prior to the enactment of the Code. Other jurisdictions have determined the operative date to be the date the transaction was entered into regardless of the occurrence of subsequent events. See, e. g., Harvey v. Sears, Roebuck & Co., 315 A.2d 599 (Del.Super.1973); Kates v. Pepsi Cola Bottling Co., 263 A.2d 308 (Del.Super.1970); Great Atlantic & Pacific Tea Co. v. Rust Engineering Co., 75 Misc.2d 920, 349 N.Y.S.2d 243 (Sup.Ct.1973).
Blankenship v. Morrison Machine Co., 255 Md. 241, 257 A.2d 430 (1969) involved a suit against a machine designer and vendor for personal injuries sustained by an employee of a bleach and dye mill while using the machine in the course of his employment. The machine was purchased by the employer in 1955, and in 1964, Maryland adopted the UCC. The plaintiff was injured in 1965. The Maryland Court held that pre-Code law, which required privity, governed since the machine was sold prior to the effective date of the UCC. The court stated: “The appellant [plaintiff] was not one of those given protection by the legislature in the original statute and both statutes[1] *509 came long after the sale of the machine, which is the determinative date for the applicability of the [UCC].” Id. at 433.
In Harvey v. Sears, Roebuck & Co., supra, the plaintiff was injured when an aluminum step ladder upon which she had been standing collapsed. The ladder was sold by the defendant to a Mr. White before the effective date of the UCC, but the plaintiff received the ladder through a “series of loans” after the effective date of the Code. The court regarded the sale of the ladder as the “significant transaction” to determine the applicability of the UCC. The fact that the ladder was loaned to the plaintiff and the injury occurred after the effective date was held immaterial.
[T]he transaction upon which the Court’s attention should be focused is not the loan made subsequent to the 1967 enactment of the Uniform Commercial Code but rather the 1965 sale.
Since the sale occurred prior to the enactment of the Uniform Commercial Code, the provisions contained therein are found to be inapplicable under the circumstances present in this case. Thus, in the absence of privity, there is no implied warranty applicable as to the defendants in this case.
315 A.2d at 601.
The court in In Re Appliance Packing & Warehousing Corp., 475 F.2d 1011 (2d Cir. 1973) reversed the referee’s decision that a provision for payment of 22 of 24 installments after the enactment of the UCC on a promissory note executed prior to the effective date of the Code constituted “events occurring” so that the transaction was governed by the UCC. The court reasoned that the date the transaction was entered into was when the note was made. Since this date was prior to the effective date of the UCC, the Code was not applicable. Accord, Hall v. Gurley Milling Co. of Selma, N. C., 347 F.Supp. 13 (E.D.N.C.1972).
Accordingly, if the sale of goods occurs prior to the effective date of the UCC, then pre-Code law governs and the requirements of privity must be satisfied. We answer Certified Question No. 5 in the affirmative.
Since pre-Code law controls, it is unnecessary to consider the other questions concerning the operation of the UCC.
CERTIFIED QUESTION ANSWERED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.

. In 1969, Maryland amended its version of § 2-318 to expand the class of persons afforded protection by the seller’s warranties. 257 A.2d at 433.