Dorothy L. CAMPBELL, surviving spouse of her husband, David Campbell, individually, and Katie Campbell and Sara Campbell, the minor children of David Campbell, by and through their mother and next best friend Dorothy L. Campbell, Plaintiffs–Appellees,

v.

BURT TOYOTA–DIAHATSU, INC., a Colorado corporation, d/b/a/Burt Toyota and Burt, Inc., Defendant–Appellant.

No. 97CA1123.

Colorado Court of Appeals,
Div. V.

Dec. 24, 1998.

As Modified on Denial of Rehearing
April 8, 1999.

Certiorari Denied Sept. 7, 1999.

Law Offices of Richard K. Rufner, Richard K. Rufner, Englewood, Colorado; Preeo, Silverman & Green, P.C., Jersey M. Green, Denver, Colorado, for Plaintiffs–Appellees.

White and Steele, P.C., James M. Dieterich, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

In this wrongful death action, defendant, Burt Toyota Diahatsu, Inc. (Burt), appeals the judgment entered on a jury verdict in favor of plaintiffs, Dorothy Lynn Campbell, Sara Campbell, and Katie Campbell for the death of David Campbell, husband of Dorothy Campbell and father of Katie and Sara Campbell. We reverse and remand to the district court with directions to vacate the judgment for the plaintiffs and enter a judgment of dismissal in favor of Burt.

The Campbells owned a 1983 Toyota automobile (not purchased from Burt) in which the retractor mechanism in the driver's seatbelt had ceased to function in 1989. This caused excess slack from the seatbelt to remain loose and rest on the lap of the driver. David Campbell determined that he could not fix the mechanism, so Dorothy Campbell modified the seatbelt by folding and securing the slack with a clip from a child car safety seat she had purchased (not from Burt or Toyota).

The Campbells brought the car to Burt's repair shop in 1992 for unrelated repairs and inquired into the repair of the seatbelt. Evidence was presented that they were told that, to have the retractor function properly, it would have to be replaced. The Campbells declined to have the driver's seatbelt replaced.

The seatbelt was never repaired, and ultimately David Campbell died July 7, 1993, as a result of injuries he sustained in an automobile collision in which he was wearing the seatbelt in its modified condition.

Plaintiffs settled with the other people involved in the collision and subsequently brought this lawsuit against Burt. At trial, Burt moved for a directed verdict at the close of plaintiffs' evidence and again at the close of all evidence. The trial court denied both motions.

Burt contends that it owed no duty to warn David Campbell regarding the safety hazard of the modified seatbelt and that the trial court erred in denying its motions for directed verdict. We agree.

Whether a defendant owes a plaintiff a legal duty is a question of law. *Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980). Because the motions for directed verdict raised a question of law, we review the trial court's decisions *de novo. See Todd Holding Co. v. Super Valu Stores, Inc.,* 874 P.2d 402 (Colo.App.1993).

Determining whether a duty exists requires that a court consider various factors including the risk involved, the foreseeability of harm as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the harm, and the consequences of placing the burden upon the actor. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

At least in some circumstances, there is no duty to warn where the risk of danger is apparent to an ordinary person, or where he or she already knows of the danger. *See Webb v. Thomas,* 133 Colo. 458, 296 P.2d 1036 (1956)(no duty to warn of danger of diving into shallow end of swimming pool where owner has reason to believe condition will be discovered or that the risk will be realized by patron); *cf. Bookout v. Victor Comptometer Corp.,* 40 Colo.App. 417, 576 P.2d 197 (1978)(in products liability case, no duty to warn of dangers of BB gun because danger is obvious). *See also American Law of Torts* §9:17 (S. Speiser, C. Krause, A. Gans eds.1985).

Where a warning is given, it is assumed that it will be read and heeded. Restatement (Second) of Torts § 402A comment j (1965).

Weighing the various factors here, we conclude that Burt, as an automobile repair shop, had no duty to warn of a danger of which the Campbells were aware or of which they should have been aware.

## A.

We first consider the foreseeability of harm resulting from Burt's failure to warn the Campbells that the modified seatbelt posed a danger to them as weighed against the social utility of imposing a legal duty on Burt to warn against such danger when it was already known to the Campbells or should have been known.

Even if we were to assume that the foreseeability of harm resulting from a seat-belt modification was great, it is outweighed here by the lack of social utility in imposing a legal duty on Burt to warn of a safety hazard that was known or should have been known to the Campbells.

Dorothy Campbell testified that she had read the safety manual that came with the child safety seat and acknowledged that such seat was intended to be used by children weighing 40 pounds or less. She did not, however, read the portion of the Toyota owner's manual relating to seatbelts, but had read another portion of it in order to change fuses. The record does not reflect whether David Campbell ever read the owner's manual.

The owner's manual stated, in the introduction, that: "[A]ny modification of your Toyota could affect its performance, *safety,* durability or warranty, and may even violate governmental regulations." (emphasis added) In the section on seatbelt tips, the manual read: "Damaged parts should be replaced. Do not disassemble or modify the system."

Furthermore, although warnings in the owner's manual were not read by Dorothy Campbell, such warnings are presumed to have been read and heeded. Likewise, David Campbell may have read the manual and had actual knowledge of its contents, but even if he did not read it, he is charged with notice of its contents. Restatement (Second) of Torts, *supra. See Henry v. General Motors Corp.,* 60 F.3d 1545 (11th Cir.1995) (warnings sufficient to insulate manufacturer from liability, even though not read by plaintiff, who was illiterate).

Given the Campbells' knowledge that the seatbelt was broken and the warnings in the owner's manual, we conclude the danger posed to them was obvious and that they either knew or were on notice from the contents of the manual that the seatbelt was not safe as modified.

The safety of automobiles is of great concern, and maintaining safe vehicles serves an

important social function. Repair shops such as Burt's serve that function for most of the public.

Therefore, we conclude that the social utility of not imposing a legal duty on Burt to warn of an obvious danger outweighs the foreseeability of harm in this case. *Webb v. Thomas, supra.* We note in this regard that Burt did advise the Campbells that to have the seatbelt function properly, it would have to be replaced.

### B.

■ We next consider the magnitude of the burden of placing a duty on Burt to warn of the danger of the seatbelt modification.

In *Davenport v. Community Corrections of the Pikes Peak Region, Inc.,* 962 P.2d 963, 969 (Colo.1998), the supreme court held that there was no duty imposed on a community corrections facility to protect an automobile passenger from the dangerous behavior of a resident of the facility, stating, "Imposing an actionable duty in this case would have wide-ranging practical consequences in the community corrections system."

The court reasoned that finding a duty would subject the community corrections facility to substantial liability exposure and subvert the effectiveness of its programs, because facilities would be forced to screen out offenders posing a foreseeable threat to the public, thereby reducing the number of offenders who could benefit from such programs. *See also Molosz v. Hohertz,* 957 P.2d 1049 (Colo.App.1998)(no duty on landlord to warn neighbors of tenant's violent conduct where landlord could not reasonably predict when tenant might be violent or prevent him from harming others); *cf. Perreira v. State,* 768 P.2d 1198 (Colo.1989) (duty to warn imposed on psychiatrist where magnitude of burden limited by psychiatrist's professional knowledge of patient's propensity for violence and risk of serious bodily harm to others and psychiatrist's ability to retain dangerous mentally ill patient in locked facility).

Similarly, if a duty were imposed here, Burt would be subject to a burden of potentially immeasurable magnitude. There exists potential for danger in almost any problem an individual has with a car, ranging from worn windshield wiper blades to faulty brakes. Requiring a repair shop to warn of the potential danger in each situation would increase both the time and cost to repair cars.

Furthermore, as in *Davenport,* repair shops might be less likely to perform their most important function – ensuring vehicle safety – because if they were to be held liable in situations in which they failed to warn of potential danger in obviously dangerous situations, they might limit the kinds of work they would do.

### C.

■ Similarly, the consequences of placing the burden on Burt in this case might be an increase in cost to the consumer and a decrease in the number of repair shops willing to do safety-related work.

Even if we were to assume that the risk of injury in modifying a seatbelt is great, the other factors militate against imposing a duty to warn here.

■ Establishing a duty to warn under these circumstances would serve to extend a duty to a situation involving nonfeasance, which is less favored than extending a duty in a case in which there has been misfeasance. *See Davenport v. Community Corrections of the Pikes Peak Region, Inc., supra.*

Our conclusion that there is no duty to warn under the circumstances presented here is reinforced by decisions of courts in other jurisdictions, which have reached similar conclusions regarding the duty of repairers under related circumstances. *See Malloy v. Doty Conveyor,* 820 F.Supp. 217 (E.D.Pa.1993) (ordinary negligence principles do not impose a duty on installer of conveyor belt to notify Federal Express of alleged defect in conveyor, even though installer may have had knowledge of conveyor belt's dangerous condition); *Barry v. Stevens Equipment Co.,* 176 Ga.App. 27, 335 S.E.2d 129 (1985) (repairer of shearing machine had no duty to correct safety defect, of which it had knowledge, or duty to warn of its danger

with respect to any part of machine on which it did not do repair work); *Jewell v. Dell*, 284 S.W.2d 92 (Ky.App.1955) (where truck repair shop told truck operator that truck's brakes had been only partially repaired, .truck driver had assumed risk of accident, and trial court properly directed verdict for truck repair shop); *Ayala v. V. & O Press Co.*, 126 A.D.2d 229, 512 N.Y.S.2d 704 (1987) (repairer of press not liable on negligence theory based on alleged failure to warn of design defect, where repairer did not agree to provide systematic maintenance to press); *Diaz v. Southwest Wheel, Inc.*, 736 S.W.2d 770 (Tex. App.1987) (tire dealer did not have duty to warn customer about alleged defect in tire rim unless dealer's actions increased risk of harm to customer or third party relied on tire dealer to warn of dangers of manufacturer's products and such reliance caused harm); *Rolph v. EBI Companies*, 159 Wis.2d 518, 464 N.W.2d 667 (1991) (reconditioner of bending roll machine does not have duty under ordinary principles of negligence to bring it into compliance with applicable safety standards as long as it does not hold itself out as bringing machine into compliance with safety standards and is not requested to do so by machine's owner).

In summary, we hold that Burt had no duty to warn the Campbells of the danger of a seat-belt modification because the danger was known or should have been known.

In light of this disposition, we need not address Burt's remaining contentions.

The judgment is reversed and the cause is remanded with directions to vacate the judgment for the plaintiffs and enter a judgment of dismissal.

Judge MARQUEZ and Judge ERICKSON * concur.