[No. 2790–2. Division Two. January 16, 1979.]

ANDREW NOVAK, *Appellant,* v. PIGGLY WIGGLY PUGET SOUND COMPANY, INC., *Respondent.*

408

*Mann, King, Anderson, Bingham & Scraggin* and *Thomas H. Oldfield,* for appellant.

*Helsell, Fetterman, Martin, Todd & Hokanson, Ronald H. Mentele, Billett, Comfort & Rosenow,* and *Jack Rosenow,* for respondent.

PEARSON, C.J.—The plaintiff, Andrew Novak, appeals from a summary judgment dismissing his personal injury action against the Victor Comptometer Corporation, whose Daisy Division manufactures BB guns. We affirm the dismissal in all respects.

Plaintiff originally instituted a negligence action against Piggly Wiggly stores, the retailer who sold a Daisy BB gun to Monte Martin, an 11– or 12–year–old boy,[1] on October 5, 1973. It was alleged that Monte took the gun home and used it secretly without the knowledge or consent of his parents. On October 14, 1973, Andrew Novak was struck in the left eye by a ricocheting BB while watching Monte shoot at a tin can or metal pipe in his basement. Andrew, who was 9 years old at the time the complaint was filed in 1974, lost the sight in his left eye as a result of the accident.

By amended complaint, plaintiff joined the manufacturer, Daisy, alleging negligence because it had designed, advertised, and marketed air rifles in such a way as to induce immature youngsters to buy and use them without parental consent or supervision, and Daisy should have known that air rifles are dangerous instrumentalities in the hands of unsupervised youngsters such as Monte Martin. Plaintiff also alleged ' negligence due to Daisy's failure to supply adequate warnings of the dangerous propensities of air rifles, including the possibility of ricochet, to children who might use the guns without parental knowledge or consent.

At the hearing on Daisy's mótion for summary judgment, plaintiff argued liability both in negligence and in strict liability as defined in Restatement (Second) of Torts § 402A (1966). The trial court ruled in favor of Daisy under both theories.

In this appeal, plaintiff contends the court erred in ruling there are no genuine issues of material fact to support the following theories of recovery:

---

[1]The complaint refers to him as 12 years of age, the briefs as 11.

1. That the BB gun was defectively designed as a matter of law under section 402A due to its propensity to ricochet;

2. That the manufacturer's warnings provided with the product were inadequate as a matter of law under section 402A and principles of negligence;

3. That the manufacturer had a duty, the breach of which constituted negligence, to take precautions to assure that its retail outlets would not sell BB guns to children who could use them without parental knowledge or supervision.

■■ A plaintiff must establish the following in order to make out a prima facie case in strict liability for a defective product: (1) that there was a defect in the product which existed when it left the manufacturer's hands; (2) that the defect was not known to the user; (3) that the defect rendered the product unreasonably dangerous; and (4) that the defect was the proximate cause of the injury. *Haugen v. Minnesota Mining & Mfg. Co.,* 15 Wn. App. 379, 550 P.2d 71 (1976). One way of establishing a defect is to show that the product's *design* rendered it unreasonably dangerous. *Haugen,* at 387.

■ Comment *i* to the Restatement (Second) of Torts § 402A notes that many products cannot possibly be made safe for all consumption, and elaborates further that "unreasonably dangerous" means the product "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it . . ." This definition has been adopted by our Supreme Court, which has stated that the reasonable expectations of the ordinary consumer are determined by considering such factors as the relative cost of the product, the gravity of the harm, the cost and feasibility of reducing the risk, and the nature of the product. *Seattle–First Nat'l Bank v. Tabert,* 86 Wn.2d 145, 154, 542 P.2d 774 (1975). *Accord, Estate of Ryder v. Kelly–Springfield Tire Co.,* 91 Wn.2d 111, 118–19, 587 P.2d 160 (1978); *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 154, 570 P.2d 438 (1977).

With those factors in mind, we think it clear that the ordinary consumer would expect that a BB gun could ricochet and cause harm when fired at a hard surface. The fact that such harm results from the gun's design coupled with a normal form of use does not make the product defective and unreasonably dangerous to the ordinary adult consumer. The language of comment *i* and *Seattle–First Nat'l Bank v. Tabert, supra,* is directed at the expectations of the ordinary adult consumer. *See also Bellotte v. Zayre Corp.,* 116 N.H. 52, 352 A.2d 723 (1976). Some courts which have found a design defect by applying a more subjective, child–centered standard, as plaintiff urges, have determined that the supplier of the product reasonably could have anticipated its use by a child in a way such as to make it unreasonably dangerous, and could have taken steps to lessen the danger. *See, e.g., Thomas v. General Motors Corp.,* 13 Cal. App. 3d 81, 91 Cal. Rptr. 301 (1970); *Deem v. Woodbine Mfg. Co.,* 89 N.M. 50, 546 P.2d 1207, *rev'd mem.,* 89 N.M. 172, 548 P.2d 452 (1976).

■ We agree with plaintiff's argument to the extent that Daisy reasonably could have anticipated that a child user of a BB gun might injure himself or a bystander such as Andrew Novak by means of a ricochet. In fact, as will be discussed later in more detail, the manufacturer was aware of the hazard and supplied warnings with its product that specifically cautioned against the danger of ricochets off hard, flat surfaces. Plaintiff suggests no specific ways in which Daisy could have done more than give such warnings in order to lessen the danger encountered by Monte and Andrew. There are no Washington laws putting BB guns in the category of firearms by limiting the sale of air rifles to adults only. The conceivable ways by which the manufacturer otherwise could have prevented this unfortunate accident are, to us, impracticable, if not absurd. Once a youngster obtained possession of a BB gun, it would be impossible for the manufacturer to prevent him from shooting at a target likely to produce a ricochet. Nor are we aware that the BB's themselves can be made incapable of

ricocheting. To be sure, at additional cost Daisy could have supplied safety goggles with each BB gun, but how to assure that a user would wear them, and how many additional goggles must be supplied for potential onlookers such as Andrew? Therefore, we conclude that the BB gun, if accompanied by adequate warnings to the user of the dangers inherent in its use, was not shown by plaintiff to be designed in such a way as to be dangerous to an extent beyond that which would be contemplated by the ordinary adult consumer, and there is no valid justification for subjecting Daisy to liability on the theory that it failed to take some reasonable action to reduce the dangers of ricochet to child users or bystanders. The trial court correctly granted summary judgment on the issue of strict liability for a defective design.

▮ We next test the adequacy of the warnings supplied by Daisy against the relevant principles of strict liability and negligence. Strict liability may be established if a product, though faultlessly manufactured, is unreasonably dangerous when placed in the hands of the ultimate user by a manufacturer without giving adequate warnings concerning the manner in which to safely use it. *Haugen v. Minnesota Mining & Mfg. Co., supra* at 387; *Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 573 P.2d 785 (1978). In such a case, the defect in the product is in the inadequacy, or total absence, of the warnings. *Little v. PPG Indus., Inc.,* 19 Wn. App. 812, 822, 579 P.2d 940 (1978).

A manufacturer can also be found negligent for failure to give adequate warning of the hazards involved in the use of the product which are known, or in the exercise of reasonable care should have been known, to the manufacturer. Restatement (Second) of Torts § 388 (1965); *Callahan v. Keystone Fireworks Mfg. Co.,* 72 Wn.2d 823, 435 P.2d 626 (1967); *Little v. PPG Indus., Inc., supra.*

At the time Monte Martin bought his BB gun, a yellow sticker was attached by Daisy to the stock of each gun. It said:

IMPORTANT NOTICE
The literature enclosed in the package with this Daisy Product contains important information. Read it carefully before using your Daisy gun.

The literature referred to was an "Operation Manual" which said on its cover, "BE SAFE—READ BEFORE LOADING OR SHOOTING," and the "Daisy Book." Both pamphlets were in a plastic envelope in the carton containing the gun. Among other safety instructions in the pamphlets were the following, particularly relevant here:

Shooting your Daisy indoors may be enjoyed when proper range procedures and adult supervision are available.

. . .

Avoid ricochet; never shoot at a flat hard surface, or at the surface of water.

. . .

Don't shoot at targets with hard survace [*sic*] . . . Your BB could ricochet.

. . .

Indoors or out, it is a good idea to wear shooting glasses for extra protection . . .

Do not shoot at hard surfaces as the BB's will bounce or ricochet.

■ Obviously, this is not a case where the manufacturer gave *no* warnings of the possible hazards, as in *Teagle v. Fischer & Porter Co.*, and *Haugen v. Minnesota Mining & Mfg. Co.* Plaintiff argues that reasonable men could differ on the *adequacy* of the warnings given by Daisy and that the court erred in taking the issue from the jury by summary judgment. We disagree. The warnings quoted above indicate no genuine issue of material fact and warranted a summary judgment as a matter of law. *Teagle v. Fischer & Porter Co., supra* at 152. We believe reasonable persons could only come to the conclusion that these warnings were sufficient to inform even an 11–year–old youngster that a ricochet could, even "will", result if an air rifle is shot at a hard surface, and that shooting glasses should be worn. These warnings were about the exact danger encountered,

but were simply disregarded by the user. As stated in comment *j* to section 402A of the Restatement (Second) of Torts:

> Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, *which is safe for use if it is followed,* is not in defective condition, nor is it unreasonably dangerous.

(Italics ours.) Whether under a strict liability or negligence theory, Daisy's warnings were sufficient to preclude liability. *Cf. Menard v. Newhall,* 135 Vt. 53, 373 A.2d 505, 507 (1977) (7–year–old child knows a BB gun can injure an eye, and Daisy need not warn of that danger).

 Finally, we confront the issue of Daisy's alleged negligence due to its breach of a duty to "assure that the retail outlets sell the BB gun only [for use] when parents or adult supervision will be available." It bears repeating that a manufacturer has a duty to warn the consumer of foreseeable harm from the use of its product. Moreover, one having control over a product used by children has a duty to warn the child user of foreseeable dangers arising from its use. *See Johnson v. Safeway Stores, Inc.,* 1 Wn. App. 380, 461 P.2d 890 (1969). However, in order to enforce the additional duty suggested by plaintiff, the manufacturer would have to refuse to make BB guns available for sale by retailers who did not agree to refrain from selling them to children. A restrictive marketing practice such as that would be impossible to implement with any degree of success in a national market.

Some authorities suggest that liability may be imposed upon a retail seller of a true firearm to a minor in violation of a statute, such as RCW 26.28.080(5), for an injury which is the natural and probable consequence of such violation and which should have been foreseen by the seller. R. Hursh & H. Bailey, 1 *American Law of Products Liability* § 2:59 (2d ed. 1974). However, plaintiff cites no authority to extend this proposition so that a manufacturer who has supplied adequate warnings regarding a product's safe use

should be found negligent because of a retail sale, not in violation of a statute, by another party. We are convinced that Daisy discharged its duty by its warnings of the hazard of ricochet inherent in the use of the Daisy air rifle.

The judgment of dismissal is affirmed.

REED and SOULE, JJ., concur.