Kris STEELE, A Minor Child, By and Through His Mother and Next Friend, Kay STEELE, Individually, and as Natural Guardian of Kris Steele, Appellants,

v.

DAISY MANUFACTURING COMPANY, A Delaware Corporation, doing business in the State of Oklahoma; and Otasco, Inc., An Oklahoma Corporation, Appellees.

No. 65532.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 8, 1987.

Robert W. Hayden, Oklahoma City, for appellants.

Jeff Beeler, and Tom L. Kiney, Oklahoma City, for appellees.

HANSEN, Presiding Judge:

The trial court granted summary judgment in favor of Defendants in this action for damages based on manufacturers' products' liability. The minor Plaintiff, (Kris) sought recovery from Defendants for an injury he sustained when he was accidentally shot by a friend with an air rifle while they were playing "war" games.

The father of Derek and Devin, Kris' playmates, gave them a Daisy Power Line 880 pump-up air rifle. He read the instructions and showed them how to use the rifle. The day of the accident, the father had given the boys permission to shoot birds with the rifle. However, the boys opted for a more exciting activity. They decided two of the boys would hide and the other two would hunt for them. As the two boys started to run away, Derek, who was carrying the rifle, jumped back and the rifle accidentally discharged. The rifle was manufactured by Defendant Daisy Manu-

facturing Company (Daisy) and sold by Defendant Otasco, Inc. At the time of the accident Derek was 7 years old and Devin and Kris were approximately 9 years old.

Plaintiffs filed this action alleging the rifle was defective in two respects; first, that Defendants filed to give adequate warnings of the rifle's dangers, and second, that the rifle failed to incorporate economically and technologically feasible safeguards to prevent accidental shootings.

Defendants filed motions for summary judgment based on deposition testimony, and their argument that any failure to warn was not the proximate cause of Kris' injuries. They also argued they were not required to give warnings due to the nature of the rifle. Their supplemental trial brief emphasized the rifle was sold with printed warnings that were adequate as a matter of law. A second motion for summary judgment attached portions of deposition testimony from experts who stated in their opinion the rifle was not defective in its design. Plaintiffs' response to the first motion for summary judgment addressed only the issue of failure to warn.

The trial court granted Defendants' motions for summary judgment. Plaintiffs filed a motion to reconsider, this time claiming the rifle was defective in that it did not incorporate an automatic trigger safety. The trial court granted Plaintiffs' motion to reconsider and in the same order again granted Defendants' motions for summary judgment. Plaintiffs appeal.

On appeal, Plaintiffs submit there are issues of fact remaining to be tried. They maintain deposition testimony of one of their experts shows the warnings were not adequate to apprise anyone of the dangers of allowing minors to use the rifle unsupervised. Thus, the issue of whether the warnings satisfied products' liability standards should have been submitted to a jury.

It is undisputed the rifle carried warnings. The front page of the operation manual gave the following warning:

"CAUTION: Not a toy. Adult supervision required. Misuse or careless use may cause serious injury or death. May

be dangerous up to 292 yards (267 meters). See manual for actual shooting distance. This is a highpower air gun intended for use by those sixteen (16) years of age or older. Read all instructions before using. The purchaser and user should conform to all laws governing the use and ownership of air guns."

A tag attached to the trigger guard of the gun stated:

"CAUTION: This is a highpower air gun intended for use by those sixteen (16) years of age or older. Misuse may result in death or serious permanent injury, particularly to the eye. May be dangerous up to 292 yards (267 meters). Read all instructions before using. The purchaser and user should conform to all laws concerning use and ownership of air guns."

On the box in which the air gun was packaged was the following warning:

"CAUTION: Not a toy. Adult supervision is required. Misuse or careless use may cause serious injury or death. May be dangerous up to 292 yards (267 meters). This is a highpower air gun intended for use by those sixteen (16) years of age or older. Read all instructions before using. The purchaser and user should conform to all laws concerning the use and ownership of air guns."

The operation manual, under "Proper Gun Handling" stated:

"Always keep the muzzle pointed in a safe direction.

Be sure you know your companions are well clear of the target before you shoot. Ninety percent (90%) of the air gun related accidents occurring in this country are caused by (1) careless handling of the gun ... (3) shooting at improper targets."

The father identified each of these warnings as being similar to the instructions and documents he received with the air rifle.

 If a product is potentially dangerous to consumers, a manufacturer is required to give directions or warnings on the container as to its use. If the warnings

are unclear or inadequate to apprise the consumer of the inherent danger, the product may be defective, particularly where a manufacturer has reason to anticipate danger may result from the use of his product. If the product fails to contain such warnings of the dangers, the product is sold in a defective condition. However, if the product does contain warnings and these warnings cover all foreseeable use and if the product is not unreasonably dangerous if the warnings and the directions are followed, the product is not defective in this respect.[1]

■ The potential for danger inherent in an air rifle is readily apparent and a warning for the obvious is not a requirement of the doctrine of products liability.[2] Many products cannot possibly be made safe for all uses. Unreasonably dangerous means the product must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it.[3]

■ Use of any kind of gun involves widely known risks. Daisy placed warnings on the gun, on the box and in the operation manual to apprise purchasers the rifle was not a toy. Use of the gun required supervision not provided by the boys' father, even though a reasonable person would have heeded the warnings. We therefore hold as a matter of law under the facts presented herein the rifle was not defective because of a failure to warn.

■ The other basis for liability, that the rifle was defectively designed, presents a different problem. In order for a trial court to find there is no substantial controversy as to any material fact raised by the issues, it must appear not only that there is no dispute as to such facts themselves, but also that reasonable people exercising fair and impartial judgment could not reach differing conclusions upon the undisputed facts.[4] Plaintiffs submitted deposition testimony of Daisy's own engineer, as well as their own experts, who stated it would have been economically feasible to have incorporated an automatic trigger safety device on the rifle. He stated accidental discharge was a risk associated with a high velocity gun. A former Daisy engineer testified he had presented to the company the possibility of an automatic trigger safety being used. He believed it should be used. Plaintiffs' expert, Mr. B., testified it was his opinion an airgun with the power of the Daisy 880 that was intended to be used by youth should be equipped with an automatic safety. He also criticized the gun because the safety could not be activated until the gun was cocked.

Conversely, experts for Defendants testified they did not think the rifle was defective and that such a safety device would not make the rifle safer.

On a motion for summary judgment there may not be a trial of fact issues, and the Court should not weigh the evidence. Reasonable people exercising fair and impartial judgment could reach different conclusions as to whether the failure to provide certain safety features on the rifle made it defective. This is a question for a jury to decide, not the trial court. Accordingly, we reverse the order granting Defendants' motions for summary judgment and remand for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**

HUNTER and BAILEY, JJ., concur.

---

1. *Smith v. United States Gypsum Co.,* 612 P.2d 251 (Okla.1980).

2. *See Bookout v. Victor Comptometer Corporation,* 40 Colo.App. 417, 576 P.2d 197 (1978).

3. *Novak v. Piggly Wiggly Puget Sound Co.,* 22 Wash.App. 407, 591 P.2d 791 (1979) quoting Restatement (Second) of Torts, # 402A, Comment i.

4. *Flanders v. Crane Company,* 693 P.2d 602 (Okla.1984).