999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven R. HOLLAND and Glennyss E. Holland, husband and wife,
Plaintiffs-Appellants,
v.
JOHN DEERE CO., a Delaware corporation; Four County Tractor
Equipment Co., a Texas corporation; Deere &
Company, Defendants-Appellees.
 No. 92-6288.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Steven R. and Glennyss E. Holland appeal from a judgment dismissing their products liability action.[1] The issues are whether genuine issues of material fact exist precluding summary judgment; whether the district court erred in granting summary judgment sua sponte to defendants-appellees John Deere Co. and Deere & Co. (the Deere defendants); and whether the district court abused its discretion in denying plaintiffs' Fed.R.Civ.P. 59(e) motion and their motion for an enlargement of time to file an affidavit in support of that motion. We decide all issues adversely to plaintiffs and affirm.
 
 
 2
 This diversity action arose out of an accident involving a farm tractor manufactured by the Deere defendants and sold to plaintiffs by defendant-appellee Four County Tractor Equipment Co. Plaintiffs alleged that while plaintiff Steven Holland was standing beside the tractor checking its electrical system, the tractor suddenly and without warning spontaneously started and ran over him, causing serious injuries. Plaintiffs further alleged that the tractor was defective and unreasonably dangerous in its design and manufacture; that the defect was the proximate cause of Steven Holland's injuries; and that defendants failed to adequately warn plaintiffs of the defect.
 
 
 3
 Four County Tractor moved for summary judgment, identifying ten allegedly undisputed material facts. It attached portions of Steven Holland's deposition and the tractor's operator's manual in support thereof. In pertinent part these facts are as follows. Steven Holland's injuries were caused when the tractor started while in gear as a result of his working on its electrical system with a pair of metal pliers while standing on the ground. It was his practice to always read the owner's manual of any equipment he owned. During his lifetime, he has owned or operated at least twelve tractors, has extensive knowledge of agricultural equipment, and is capable of performing small repairs and maintenance on such vehicles. He performs ninety percent of the repairs on his equipment. He knew before the accident that one must exercise caution in maintaining and working on tractors, and that placing any type of metal near the solenoid could result in electrical current arcing over, causing the tractor to start. He had previously attempted to start a swather[2] while in gear by touching metal to the starter solenoid, and had observed the swather start to lunge and spin.
 
 
 4
 Further undisputed facts are that on the day of the accident, Steven Holland was having difficulties with the top starter solenoid bolt. He started the tractor that morning by standing on the ground and holding battery cables and other wire connections into the stub of the top bolt. Later that day, when the tractor again would not start, he assumed the problem was with the bottom solenoid bolt. He attempted to determine what the problem was by reaching in near the solenoid with a pair of metal pliers. On the two other occasions when he had replaced the starter solenoid bolts he had disengaged the battery before removing the solenoid. He knew that touching metal to a starter solenoid could start the vehicle and create a potentially dangerous situation. He also knew it was a safe practice to always disconnect the battery cable when working on the tractor's electrical system. He was working on the electrical system when the accident occurred. Aplt's App.Vol. I at 40-43. Also undisputed was that Steven Holland left the key in the ignition when he left the operator's station, id. at 88, and was not sure if he checked to see that the tractor was out of gear, id. at 89.
 
 
 5
 Plaintiffs' only submission in opposition to the motion was a brief in which they argued that Steven Holland did not disconnect the battery cables at the time of the accident because he was checking to see if electrical current was reaching specific points on the tractor; that it was not his understanding that the tractor could start from the ground while in gear; and that the issues were for a jury to decide.
 
 
 6
 Based on the ten undisputed facts, the district court determined that the tractor was not defective, but if it was, Steven Holland voluntarily assumed the risk of a known defect. It further concluded that there was no duty to warn because Steven Holland was aware of the alleged hazard, but if there was a duty to warn, the operator's manual contained adequate warnings. The district court granted Four County Tractor's motion for summary judgment, then granted summary judgment sua sponte to the Deere defendants because its conclusions applied equally to them.
 
 
 7
 We review an order granting summary judgment de novo, applying the same legal standard used by the district court to evaluate the motion under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c). Summary judgment should be granted unless a "fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). This determination must be made viewing the evidence "through the prism of the substantive evidentiary burden." Id. at 254.
 
 
 8
 In a diversity action, we apply the law of the forum, Skidmore, Owings & Merrill v. Canada Life Assurance Co., 907 F.2d 1026, 1027 (10th Cir.1990). Oklahoma's law applies in this case. Oklahoma adopted the doctrine of manufacturers' products liability in Kirkland v. General Motors Corp., 521 P.2d 1353, 1362 (Okla.1974). Plaintiff must prove three elements to recover under this doctrine: 1) the product was the cause of the injury; 2) a defect existed in the product at the time it left the manufacturer's or retailer's possession and control, depending on who is the defendant; and 3) the defect made the product unreasonably dangerous to the plaintiff. Id. at 1363.
 
 
 9
 "A product is not defective when it is safe for normal handling and consumption...." Duane v. Oklahoma Gas & Elec. Co., 833 P.2d 284, 286 (Okla.1992). A product may be defective because of manufacturing or supplier flaws, defective design, or failure to warn of dangers. Mayberry v. Akron Rubber Mach. Corp., 483 F.Supp. 407, 412 (N.D.Okla.1979). Plaintiffs alleged that the tractor was defective in its design and manufacture. They identified this defect as its ability to be "bypass started"[3] while in gear.
 
 
 10
 Plaintiffs' only evidence of a design or manufacturing defect was the fact that an accident occurred. We upheld a directed verdict for a manufacturer in a products liability case where the plaintiff presented no expert testimony or other evidence proving a defective design, other than the product itself and the fact that an accident occurred. Randolph v. Collectramatic, Inc., 590 F.2d 844, 848-49 (10th Cir.1979). We noted that an accident does not raise a presumption, let alone prove, that a product contained a defect. Id. at 849. See also Gates v. Ford Motor Co., 494 F.2d 458, 459 (10th Cir.1974). "[A] manufacturer is under no duty to make products absolutely safe from every conceivable potential injury." Kelley ex rel. Kelley v. Rival Mfg. Co., 704 F.Supp. 1039, 1044 (W.D.Okla.1989). Plaintiffs produced no evidence from which a jury could find a manufacturing or design defect.[4]
 
 
 11
 Plaintiffs also claim defendants failed to warn of the tractor's ability to be bypass started while in gear. A failure to warn itself may make a product defective. Duane, 833 P.2d at 286. A seller or manufacturer is required to warn of a danger which it has reason to anticipate may result from a particular use. Id. However, there is no duty to warn of a danger that is obvious or generally known, nor is there a duty to warn a knowledgeable user of the product. Id. The plaintiff has the burden of proving that the failure to warn was a proximate, producing cause of the injury. Id.
 
 
 12
 The undisputed facts establish that Steven Holland had extensive experience with tractors. He knew a tractor could be started by touching metal to a solenoid. Aplt's App.Vol. I at 92. He has observed that a swather started in this fashion "tried to take off." Id. He had started his tractor before the accident by standing on the ground and holding battery cables and wires onto the bolt stub on the starter solenoid cap, id. at 84-85, and therefore knew that the tractor could be started from that position.
 
 
 13
 Plaintiffs contend that Steven Holland was unaware of the alleged defect because he testified that the tractor will not start without being in neutral or park. Taken out of context, this testimony might support their argument. However, the testimony was in response to the question whether the tractor would start if a driver was sitting in the seat, placed the key in the ignition, turned it, and nothing happened. Drawing inferences favorably to the party opposing summary judgment does not mean taking testimony out of context.
 
 
 14
 Even if there was a duty to warn and the warnings were inadequate, plaintiffs offered no evidence that this was a proximate, producing cause of the injury. See Duane, 833 P.2d at 286. It is undisputed that Steven Holland read the manual and was aware of the warnings it did contain, but disregarded them. We conclude that plaintiffs failed to show a genuine issue of material fact as to their products liability claim.
 
 
 15
 Plaintiffs next contend that the district court erred by granting summary judgment sua sponte to the Deere defendants. The Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), held that district courts have the power to enter summary judgment sua sponte, as long as the losing party was on notice to come forward with all of his or her evidence. Plaintiffs claim this holding only allows summary judgment to be granted to a party against whom a motion for summary judgment has been filed but who failed to file a cross motion. We disagree. Celotex Corp. relied on 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2720 (1983). This text states at pp. 27-28 that a court has the power to grant summary judgment sua sponte to a party against whom a motion has been filed, as well as where there has been no motion, as long as the losing party had notice and an opportunity to respond.
 
 
 16
 Plaintiffs then argue that they did not have the requisite notice and opportunity to respond. Again we disagree. Their claim against Four County Tractor is identical to their claim against the Deere defendants. They have never identified how their response to a motion by the Deere defendants would have differed from the response they did file.
 
 
 17
 Plaintiffs next contend that the district court abused its discretion by denying their Rule 59(e) motion to alter or amend the judgment. They identified for the first time in the reply to the response to the motion several allegedly disputed facts. The district court denied the motion because plaintiffs raised the arguments and evidence for the first time over sixty days after the court granted summary judgment. A Rule 59(e) motion is intended to correct manifest legal errors or present newly discovered evidence. Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992). We review the denial of the motion for abuse of discretion. Buell v. Security Gen. Life Ins. Co., 987 F.2d 1467, 1472 (10th Cir.1993). As the motion attempted to raise arguments for the first time, and there was no showing the evidence was newly discovered, we conclude the court acted within its discretion.
 
 
 18
 Finally, plaintiffs challenge the district court's denial of their motion for an enlargement of time to file the affidavit of their expert in support of their Rule 59(e) motion. The district court denied this request because the expert's opinion was formed months previously. We held in Buell, 987 F.2d at 1472, that when supplementing a Rule 59(e) motion with additional evidence, the moving party must show that the evidence is newly discovered and if it was available at the time of the challenged decision, counsel made a diligent yet unsuccessful effort to discover the evidence. Because plaintiffs failed to make this showing, we find no abuse of discretion in the denial of an enlargement of time to file the affidavit.
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We construe the notice of appeal as properly seeking review of the May 20, 1992, judgment dismissing the action, as well as the July 29, 1992, denial of the Fed.R.Civ.P. 59(e) motion, although the notice of appeal only identified the latter order, as the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing parties were not misled or prejudiced. See Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989)
 
 
 [2]
 A swather is a self-propelled machine that cuts hay down and puts it in a wind row. Aplt's App.Vol. I at 78
 
 
 [3]
 Bypass starting refers to a method whereby the normal starting circuitry is bypassed by placing a piece of metal between the terminals on the starter and the starter solenoid
 
 
 [4]
 While not essential elements of the plaintiff's case, Karns v. Emerson Elec. Co., 817 F.2d 1452, 1457 (10th Cir.1987), state-of-the-art evidence, or evidence of the feasibility of a safer design, can meet the plaintiff's burden of proving a defective design. See Robinson v. Audi NSU Auto Union Aktiengesellschaft, 739 F.2d 1481, 1486 (10th Cir.1984); Steele ex rel. Steele v. Daisy Mfg. Co., 743 P.2d 1107, 1109 (Okla.Ct.App.1987). Expert testimony that there was a design defect can also meet that burden. See Brown v. McGraw-Edison Co., 736 F.2d 609, 615-16 (10th Cir.1984)