**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KERRY BREWER; MERCY
BREWER,

        Plaintiffs-Appellants,

v.

HARLEY-DAVIDSON, INC., a
Wisconsin Corporation,

        Defendant,

HARLEY-DAVIDSON MOTOR
COMPANY, a Wisconsin Corporation,

        Defendant-Appellee.

No. 98-6198
(D.C. No. CIV-97-955-R)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Kerry and Mercy Brewer, husband and wife, appeal from the district court's order granting summary judgment in favor of defendant Harley-Davidson Motor Co. [1] in this diversity action alleging products liability and negligence claims. We have jurisdiction to consider this appeal, see 28 U.S.C. § 1291, and we affirm.

This action arises out of an automobile and motorcycle collision. Mr. Brewer was riding a 1993 Harley-Davidson motorcycle when he was struck by an automobile. His left leg was crushed, and later amputated below the knee. The motorcycle lacked any leg protection.

Believing that the injury was due, at least in part, to the lack of leg protection, plaintiffs filed suit against defendant, the manufacturer, alleging that the motorcycle was defective and unreasonably dangerous and that it lacked adequate warnings and safeguards, such as crash guards or leg guards, which would provide some measure of leg protection in the event of a collision. The

---

[1]     Plaintiffs do not appeal the district court's dismissal of defendant Harley-Davidson, Inc. This order and judgment therefore refers only to Harley-Davidson Motor Co. as the defendant.

complaint included the following theories for recovery: negligence, products liability, failure to warn, failure to provide leg protection, and failure to warn or modify the motorcycle post-sale.

Defendant moved for summary judgment arguing, as is relevant to this appeal, (1) plaintiffs have no cause of action for manufacturer's products liability because the alleged danger of a leg injury is open and obvious and no more dangerous than the ordinary consumer expects; (2) it had no duty to warn because the danger is obvious to an ordinary consumer; and (3) the negligence claim fails because it had no duty to warn or to modify the motorcycle's design to address the obvious risk inherent in the product. The district court agreed with defendant, and granted summary judgment. Plaintiffs appealed.

"We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Under Rule 56(c), summary judgment is appropriate "if the pleadings [and] depositions, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Because this is a diversity case, we must ascertain and apply the correct Oklahoma law, "with the goal of insuring that the result obtained is the one that would have been reached in the state courts." Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir. 1993).

We review de novo the district court's determinations of state law.    See Salve

Regina College v. Russell  , 499 U.S. 225, 231 (1991).

## I. CRASHWORTHINESS

Plaintiffs argue that they should have been permitted to present the issue of

whether the motorcycle was crashworthy to a jury.  The district court stated that

Oklahoma has not applied the crashworthiness doctrine to motorcycles.

Oklahoma, however, has not been presented with the question of the applicability

of the crashworthiness doctrine to motorcycles.  Citing     Lee v. Volkswagen of

America, Inc.  , 688 P.2d 1283 (Okla. 1984), plaintiffs submit that even though

Oklahoma has not specifically applied the doctrine to motorcycles, it has applied

it to motor vehicles, and a motorcycle is a motor vehicle.     [2] See Appellants'

Opening Br. at 14.

---

[2]    The Oklahoma Supreme Court has not actually referred to the crashworthiness doctrine.  Rather, it has referred to a "second collision or impact" or "collision impact" when addressing the defectiveness of a design of an automobile.  Lee, 688 P.2d at 1286.  In doing so, however, it cited to the landmark case establishing the crashworthiness doctrine.     See id. ("We agree with the Larsen [v. General Motors Corp.   , 391 F.2d 495 (8th Cir. 1968),] holding that the manufacturer's liability for injuries proximately caused by latent defects should not be limited to collisions in which the defect caused the accident, but should extend to situations in which the defect caused injuries over and above that which would have occurred from the accident, but for the defective design.").

For purposes of this appeal only, we assume that Oklahoma would apply the crashworthiness doctrine to motorcycles.    See, e.g. , Tafoya v. Sears Roebuck & Co., 884 F.2d 1330, 1338 (10th Cir. 1989) (recognizing that other jurisdictions have held that crashworthiness doctrine applies to motorcycles),    overruling on other grounds recognized by   Wagner v. Case Corp.  , 33 F.3d 1253, 1257 n.4 (10th Cir. 1994);  Nicholson v. Yamaha Motor Co.   , 566 A.2d 135, 144-45 (Md. Ct. Spec. App. 1989) (holding crashworthiness doctrine applies to motorcycles).       But see, e.g. , Kutzler v. AMF Harley-Davidson   , 550 N.E.2d 1236, 1239-40 (Ill. App. Ct. 1990) (refusing to recognize crashworthiness doctrine in Illinois which, like Oklahoma, follows consumer expectation test).  Application of the doctrine is not determinative of liability, however.

Under the crashworthiness doctrine, as applied in Oklahoma to automobile cases, a plaintiff has the same burden as in other products liability cases.    See Lee, 688 P.2d at 1285.  A plaintiff "must prove that the product was the cause of the injury, that the defect existed in the product at the time it left the control of the defendant and that the defect made the product unreasonably dangerous as defined by ordinary consumer expectations."    Id. (citing  Kirkland v. General Motors Corp.  , 521 P.2d 1353, 1363 (1974));    see also  id. at 1286 ("Plaintiff has the same burden as in other products cases as to whether the product was in a defective condition that was unreasonably dangerous as defined by ordinary

consumer expectations when it left the control of the manufacturer."). A product "is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Attocknie v. Carpenter Mfg., Inc., 901 P.2d 221, 227 (Okla. Ct. App. 1995) (further quotation omitted). This is an objective test. See Cox v. Murray Ohio Mfg. Co., 732 F. Supp. 1555, 1560 (W.D. Okla. 1987).

Plaintiffs argue that the motorcycle is unreasonably dangerous and therefore defendant is strictly liable for failing to employ adequate leg protection on the motorcycle. They further believe that when a safer, alternative design for a product exists, a manufacturer must adopt that design.

We agree with the district court that the lack of leg protection is an obvious danger inherent in the product. Although the motorcycle perhaps could have been made safer by leg protection, failure to provide the protection did not prove that the motorcycle is unreasonably dangerous beyond the contemplation of the ordinary consumer. See Lamke v. Futorian Corp., 709 P.2d 684, 686 (Okla. 1985). This is especially true here where the alleged defect "is the failure to minimize an obvious danger which is inherent in the product itself." Id.

> Because the dangers associated with motorcycles which are not equipped with leg guards are open and obvious and ordinary consumers know and can observe that a motorcycle without leg guards or other protective features would not afford leg protection in

-6-

the event of a side-impact collision, a motorcycle such as the subject Harley herein, which is unequipped with leg guards or other leg-protective structures, cannot, as a matter of law, be more dangerous than would be contemplated by the ordinary consumer.

Appellants' App. at 196-97 (district court's order).  As a matter of law, defendant is not strictly liable for failing to provide leg protection on the motorcycle.

## II. FAILURE TO WARN

Plaintiffs next argue that defendant is strictly liable for injuries caused by its failure to adequately warn of the motorcycle's dangers and to provide instructions for the safe use of the motorcycle.  According to plaintiffs, defendant failed to warn users that leg protection could be installed on the motorcycle.

The district court correctly noted that a manufacturer is not required to warn of obvious dangers.   See, e.g. , Steele ex rel. Steele v. Daisy Mfg. Co. , 743 P.2d 1107, 1109 (Okla. Ct. App. 1987).  Because the risk of harm to a motorcycle rider's legs during a collision is obvious and a risk which an ordinary user would expect, defendant had no duty to warn of the danger.   See Daniel v. Ben E. Keith Co. , 97 F.3d 1329, 1334 (10th Cir. 1996);   Duane v. Oklahoma Gas & Elec. Co. , 833 P.2d 284, 286-87 (Okla. 1992).  Accordingly, as a matter of law, the motorcycle is not defective due to defendant's failure to warn.   See Steele , 743 P.2d at 1109;   see also  Byrnes v. Honda Motor Co. , 887 F. Supp. 279, 281 (S.D. Fla. 1994) (concluding as a matter of law that "danger to a motorcyclist's

-7-

legs in the event of a collision is obvious, obviating warnings" and listing other cases with similar conclusions).

Plaintiffs argue defendant had a continuing post-sale duty to warn of the danger involved in the use of its product. This argument necessarily fails because, as indicated above, there is no duty to warn of a danger that is obvious to the ordinary user.

## III. NEGLIGENCE

Lastly, plaintiffs argue that defendant should be held liable under negligence law. They contend that defendant breached its duty to use reasonable care in producing a safe product with leg protection. See Bruce v. Martin-Marietta Corp., 544 F.2d 442, 445 (10th Cir. 1976) (stating that under Oklahoma law negligence question is whether defendant exercised reasonable care). This argument also fails as a matter of law. Defendant had no duty to either warn of the danger or to equip the motorcycle with leg protection since the defect is open and obvious. See Lamke, 709 P.2d at 687; see also Nicholson, 566 A.2d at 145.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge