Jimmy MOLOSZ and Robyn Lynn Molosz, Plaintiffs–Appellants,

v.

Melvin H. HOHERTZ and Vicki Hohertz, Defendants–Appellees.

No. 96CA2151.

Colorado Court of Appeals, Div. II.

April 16, 1998.

Wolf & Slatkin, P.C., Raymond P. Mickle-wright, David J. Maginsky, Denver, for Plaintiffs–Appellants.

Jones, Waters, Bennett, Hessel & Cross, L.L.C., Michael R. Waters, Colorado Springs, for Defendants–Appellees.

Opinion by Judge JONES.

In this action for negligent retention of a violent tenant, plaintiffs, Jimmy and Robyn Lynn Molosz, appeal the trial court's directed verdict in favor of defendants, Melvin H. and Vicki Hohertz. Plaintiffs generally assert that the trial court erred in excluding evidence related to prior crimes committed by the tenant, and in directing a verdict for defendants. We affirm.

Defendants rented a home in a rural area to their adult son. Late one evening, while plaintiffs were in their neighboring home, the son fired several shots through their windows. Although the plaintiffs suffered no direct physical injuries from the gunshots, they incurred emotional injuries and property damages.

Plaintiffs brought suit against the shooter and his parents, in their capacity as landlords. As relevant here, plaintiffs alleged that, by allowing their son to rent the property with knowledge of his mental instability and prior violent behavior, defendants breached a duty to protect third parties from their tenant's criminal conduct. After the presentation of plaintiffs' case, the trial court directed a verdict in favor of defendants, concluding that the law imposed no duty upon them with respect to the behavior of their tenant. The shooter remained a party to the suit and plaintiffs won a jury verdict against him.

 The focus of our review is plaintiffs' assertion that the trial court erred in determining that defendants owed no legal duty to plaintiffs and, consequently, in directing a verdict for defendants. We agree with the trial court that defendants owed no duty.

 At the outset, we note that the question whether defendants owed plaintiffs a duty was a question of law for the trial court to determine and, thus, was inappropriate for jury determination. *Taco Bell, Inc. v. Lannon*, 744 P.2d 43 (Colo.1987); Restatement (Second) of Torts § 328B (1965). Only if a duty was found to exist would the trier of fact then determine whether defendants violated that duty, and, if so, whether plaintiffs were damaged thereby. *Metropolitan Gas*

*Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980).

In considering the question of duty, the court was required to weigh various factors, including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the defendants. Under the circumstances here, the latter two factors particularly must be considered. The question whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards—whether reasonable persons would exercise a duty and agree that it exists. *Taco Bell, Inc. v. Lannon, supra.*

Generally, there is no duty to control the conduct of a third person so as to prevent him or her from causing physical harm to another unless a special relationship exists between the actor, here, the landlord, and the third person, which imposes a duty upon the actor to control the third person's conduct. *Perreira v. State,* 768 P.2d 1198 (Colo.1989) (because of special relationship between psychiatrist and patient, degree of control by psychiatrist over patient, foreseeability of harm to others from failure of psychiatrist to take protective action to benefit others, such as imposing a lock-up situation on patient, and practical consequences of placing burden on psychiatrist, it is appropriate to impose duty on psychiatrist to protect others from harm by patient); *Davenport v. Community Corrections of the Pikes Peak Region, Inc.,* 942 P.2d 1301 (Colo.App.1997) (generally person has no duty to prevent third party from harming another; but special relationship between actor and wrongdoer or victim may cause duty to arise) (*cert. granted* September 8, 1997); Restatement (Second) of Torts § 315 (1965). *See also* Annot., *Private Person's Duty and Liability for Failure to Protect Another Against Criminal Attack by Third Person,* 10 A.L.R.3d 619 (1966). Such special relationships include the landlord/tenant relationship, but only to the extent that the landlord has the ability to control the tenant and knows or should know of the necessity and opportunity for exercising such control. Restatement (Second) of Torts § 318 (1965).

Here, the court heard evidence as to defendants' knowledge of the shooter's behavior and the foreseeability of his violent conduct, and concluded that no duty existed. In arriving at this conclusion, the court assumed it was true that the shooter had a criminal record, and had engaged in at least two acts of violence, even though it had reviewed and excluded evidence of that record from being presented to the jury.

The plaintiffs seek to impose on defendants a burden of potentially unlimited magnitude. If the defendants' duty was predicated upon their knowledge of the tenant's prior acts of violence, they would be required to warn almost all people with whom the tenant could potentially contact, especially at or near the leased premises. Unlike the psychiatrist in *Perreira,* defendants could not reasonably predict when the tenant might be violent, nor did they have the power to place or keep him in a lock-up situation to prevent harm to others. Thus, the defendants, as lessees, did not have a special relationship with the tenant such as to be able to control his conduct concerning third parties.

After careful review of the record, we conclude that, even with plaintiffs having demonstrated defendants' awareness of the shooter's criminal record, such evidence was insufficient to establish that a duty should have been imposed upon the landlords to protect third parties from the harm that occurred. Furthermore, no statute or other principle of common law imposes such a duty.

When there is no duty, there can be no actionable negligence. Because here the court correctly ruled that no duty existed, no issue remained for the jury. Thus, the directed verdict was appropriate. *See Vikman v. International Brotherhood of Electrical Workers,* 889 P.2d 646 (Colo.1995).

Plaintiffs also contend that the trial court erred in granting defendants' motion *in limine* to exclude evidence of the tenant's prior criminal record. Plaintiffs argue that the court misapplied the legal standard for

determining the admissibility of similar transaction evidence. However, the error, if any, was harmless.

Because plaintiffs' claim against the shooter is not the subject of this appeal, this contention is appropriate here only to the extent that it is relevant to the primary issue, namely, plaintiffs' claim that defendants owed them a legal duty. However, because we have concluded above that the court, with knowledge of the prior act evidence, properly determined that a duty did not exist, any error on this point was harmless. *See* C.R.C.P. 61 (court must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties).

The judgment is affirmed.

TAUBMAN and TURSI *, JJ., concur